INDA, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 9—April 2, 1929.*

The cause was submitted for the plaintiff in error on the brief of *Reilly & Cosgrove* of Fond du Lac, and for the defendant in error on that of *L. E. Gooding,* district attorney of Fond du Lac county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

CROWNHART, J.  It appears that the defendant was arrested on the charge of having privately manufactured distilled liquors in his possession.  He had an examination in the municipal court, and was bound over to the circuit court for trial.  On the examination one Dotz was a witness for

the State and testified to facts, without which testimony the defendant could not be convicted. The defendant was represented by an attorney at the examination, who asked a few *pro forma* questions of the witness Dotz on cross-examination.

On the trial Dotz did not appear as a witness, but his testimony taken on the preliminary examination was offered and received in evidence over the objection of the defense. Before offering the testimony the district attorney placed the sheriff on the stand, who testified that he knew Dotz and, at the request of the district attorney, had been looking for him for about two months but had been unable to find or locate him. No other evidence of diligence to procure Dotz at the trial was offered.

It appeared further that Dotz was employed by the district attorney as an informer to procure evidence, and that Dotz appeared and testified as such informer at the preliminary examination. The district attorney did not make any excuse for not having the witness present at the trial, aside from showing that he had requested the sheriff to look for him. It appears that the district attorney did not issue a subpœna for the witness, and that the sheriff did not know for what purpose the witness was wanted.

The real question in this case is whether or not the testimony of Dotz upon the preliminary examination was competent, under the circumstances, to be admitted on the trial.

The defense claims that such evidence was incompetent and in violation of the constitutional provision that in criminal cases the defendant has a right to meet the witnesses against him face to face.

This constitutional provision has been uniformly held to mean that the defendant is entitled to the rights in this respect that existed at common law. At common law evidence might be given of dying declarations in murder cases. Also, the testimony of a deceased witness on a former trial was held admissible, providing the defense had an opportunity

for cross-examination. It has been held in this state that where a witness on a former trial is dead at the time of a subsequent trial, his evidence on a former trial was admissible, it appearing that he had been subjected to cross-examination therein. *Jackson v. State,* 81 Wis. 127, 51 N. W. 89. This court held, in *Spencer v. State,* 132 Wis. 509, 112 N. W. 462, that where a witness who testified on the preliminary examination and was cross-examined by the defense was permanently incapacitated, mentally or physically, to testify at the trial, the testimony given on the examination was admissible. But the court expressly withheld its opinion as to the effect of the absence of the witness from the jurisdiction of the court, when such absence is not procured by the defendant.

In the instant case there was no proof that the witness was absent from the state, no proof of death or incapacity, and no specific testimony of diligence on the part of the State to procure such witness. The witness was his employee in procuring the evidence, and the district attorney should have explained why he was unable to procure the witness, if such was the fact. As the evidence of the witness was necessary to secure a conviction, the State ought to have used due diligence to produce him at the trial. The reason for permitting the evidence in any case, as given by the courts, is that the ends of justice may be defeated otherwise. Of course, the ends of justice equally demand that the defendant have a fair trial. It is generally conceded that the presence of a witness before the jury when he gives his testimony is of great aid to a jury in testing his credibility and the weight to be given his testimony. He should be produced, if possible to produce him.

It was said in *State v. Cameron,* 2 Pin. 490, 499, and quoted with approval by Chief Justice RYAN in *In re Eldred,* 46 Wis. 530, 553, 1 N. W. 175:

"The trial by jury, as it existed of old, is the trial by jury secured by our national and state constitutions. It is not

granted by these instruments; it is more—it is secured. It is no American invention. Our fathers brought it with them to this country more than two centuries ago, and, by making it a part of the constitution, they intended to perpetuate it for their posterity, and neither legislatures nor courts have any power to infringe even the least of its privileges."

There is a very comprehensive note in 15 A. L. R. 495 *et seq.* considering all phases of the constitutional objections to receiving evidence given on a preliminary examination in behalf of the prosecution, or testimony of a witness given on a former trial under like circumstances.

The rule is quite uniformly held that such testimony on a former trial may be received in a subsequent trial of the same case. The courts have shown a greater reluctance to accept such testimony given on a preliminary examination. The rule, however, is based on the law of necessity to promote justice. The necessity must be first shown. In case of the death of the witness or his permanent incapacity to testify, the necessity is generally conceded. The absence of the witness from the state has less support, but the weight of authority seems to be in favor of admitting the evidence. The great weight of authority is to the effect that due diligence to obtain the missing witness must affirmatively appear, in order that the evidence be admissible. And due diligence requires positive evidence of the absence of the witness from the state, or positive evidence that a thorough official search for the witness in the state has been made. Such evidence should be definite and certain so that the court may see from the facts proven that further search would have been unavailing. As applied to the facts of this case, we are clearly of the opinion that no sufficient showing of inability to procure the witness was made to excuse his absence at the trial.

The trial court is invested with a large discretion in reaching its conclusion, but such conclusion must be based on the facts produced before the court. The court had no facts

before him from which he could legally conclude that the absent witness was without the reach of a subpœna. True, it appeared that the sheriff had a warrant in his possession to apprehend the witness on a criminal charge. But there is no fact shown that the sheriff had used any diligence to apprehend the witness on such warrant.

The question of the propriety or legality of the district attorney in hiring a person to connive in the criminal conduct of another, and to become a witness for the State in the prosecution of such person, has not been raised by the defendant, and we do not pass on the subject.

Upon the whole situation we are satisfied that the ends of justice will best be served by granting a new trial.

*By the Court.*—The judgment and sentence of the circuit court are reversed, and the cause remanded for a new trial.