STATE, Appellant, v. LA FERNIER, Respondent.

*No. State 61. Argued October 3, 1969.—Decided October 28, 1969.*
(Also reported in 171 N. W. 2d 408.)

442

For the appellant the cause was argued by *Betty R. Brown,* assistant attorney general, and *Walter J. Swietlik,* district attorney of Ozaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *William A. Platz,* assistant attorney general.

For the respondent there was a brief and oral argument by *Roland J. Steinle, Jr.,* of Milwaukee.

CONNOR T. HANSEN, J. This case concerns the application of sec. 885.31, Stats.[2] The application of this statute and the use or effect of the statute in criminal cases is directly related to the confrontation clause of both the United States Constitution [3] and the Wisconsin Constitution.[4]

The state contends that the requirements of sec. 885.31, Stats., were met in the instant case since all that must be shown is that the witness is absent from the state, and when that showing is made, the trial court has no discretion to exercise concerning the admission.

The defendant argues that the state must show that the witness is absent from the state; that a good-faith attempt to secure his attendance has been made; and that

[2] "Testimony of deceased or absent witness. The testimony of a deceased witness, or a witness absent from the state, taken in any action or proceeding (except in a default action or proceeding where service of process was obtained by publication), shall be admissible in evidence in any retrial, or in any other action or proceeding where the party against whom it is offered shall have had an opportunity to cross-examine said witness, and where the issue upon which it is offered is substantially the same as the one upon which it is taken."

[3] The right of confrontation contained in the sixth amendment is applicable to the states through the obligation of the due process clause of the fourteenth amendment, *Pointer v. Texas* (1965), 380 U. S. 400, 85 Sup. Ct 1065, 13 L. Ed. 2d 923.

[4] Art. I, sec. 7, Wisconsin Constitution.

the good-faith effort is in effect an affirmative showing that due diligence has been used to obtain the presence of the absent witness.

We are of the opinion that the defendant has properly stated the rule which is set forth in American Jurisprudence 2d [5] as follows:

"If the evidence rendered at a former trial is offered on the theory that the witness is absent from the state or out of the jurisdiction of the court, the proponent must offer competent evidence showing sufficiently the absence of the witness and due diligence in an effort to secure his attendance. . . ."

The question was considered by this court in *Inda v. State* (1929), 198 Wis. 557, 559, 560, 224 N. W. 733, wherein it was stated:

"In the instant case there was no proof that the witness was absent from the state, no proof of death or incapacity, and no specific testimony of diligence on the part of the State to procure such witness. . . . As the evidence of the witness was necessary to secure a conviction, *the State ought to have used due diligence to produce him at the trial.* . . .

". . . .

"The rule is quite uniformly held that such testimony on a former trial may be received in a subsequent trial of the same case. The courts have shown a greater reluctance to accept such testimony given on a preliminary examination. The rule, however, is based on the law of necessity to promote justice. The necessity must be first shown. In case of the death of the witness or his permanent incapacity to testify, the necessity is generally conceded. The absence of the witness from the state has less support, but the weight of authority seems to be in favor of admitting the evidence. *The great weight of authority is to the effect that due diligence to obtain the missing witness must affirmatively appear, in order that the evidence be admissible.* . . ." (Emphasis added.)

[5] 29 Am. Jur. 2d, *Evidence*, p. 826, sec. 755.

Our attention has also been directed to *Philbrook v. State* (1934), 216 Wis. 206, 256 N. W. 779, in which testimony at a previous trial was admitted into evidence. In *Philbrook* it was determined that the state had presented sufficient evidence to support the admission of the testimony and that there was no merit to the claim that the state had not used due diligence in an effort to produce the witnesses.

*Barber v. Page* (1968), 390 U. S. 719, 88 Sup. Ct. 1318, 20 L. Ed. 2d 255, recognized that there is a common-law exception to the right of confrontation where a witness is unavailable, has given testimony at a previous proceeding and the defendant has cross-examined the witness. However, in reversing the trial court which had admitted testimony taken at a preliminary examination, the United States Supreme Court determined that mere absence from the state is not enough to justify the admission of such testimony:

"In short, a witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial. The State made no such effort here, and, so far as this record reveals, the sole reason why Woods was not present to testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly." *Barber v. Page, supra*, 724, 725.

The "good-faith effort" referred to in *Barber* is substantially a statement of the "due diligence" test set forth in *Inda*.

Although it is true that both *Barber* and *Inda* dealt with preliminary examination testimony, while the present case deals with previous trial testimony, the principles enunciated in those cases are applicable to the present situation.

The trial court's decision concerning the admissibility of prior trial testimony is a matter of discretion, and thus this court must decide whether such decision constituted an abuse of discretion. *Inda, supra,* 566; *Philbrook, supra,* 213.

As the rule is applied to this case, we consider the trial court was faced with two different factual situations; *i.e.,* one as to Mrs. Helen Hames; and one as to the two daughters, Lora the alleged victim, and her sister Patricia.

The state concedes that the testimony of the two daughters is essential to its prosecution. It, therefore, no doubt will be of little consolation to have the previous trial testimony of Mrs. Hames admitted. However, we are of the opinion that the affidavit of the district attorney establishes sufficient grounds for the admission of the mother's previous trial testimony and that such testimony should have been received in evidence.

The effort of the state to use the previous trial testimony of the two daughters presents a different factual situation. The two girls are principal witnesses for the prosecution. The reliance of the district attorney upon information related to him by their mother in two long distance telephonic conversations is insufficient to establish the exercise of due diligence to secure the attendance of Lora and Patricia. This is particularly so when Mrs. Hames informed the district attorney that both of the girls had married since the previous trial. Under the circumstances of this case it cannot be said that the trial judge abused his discretion in determining that the previous trial testimony of the two daughters should not be admitted into evidence.

It is also urged that the state should have attempted to cause the extradition of the witnesses as provided for in sec. 885.33, Stats. However, the fact that the state did not attempt to extradite the witnesses is not a factor

in the determination of whether due diligence has been exercised.

Therefore, that part of the order of the trial court refusing to receive in evidence the previous trial testimony of Lora Lynn La Fernier and Patricia Ann La Fernier is affirmed. That part of the order of the trial court refusing to receive in evidence the previous trial testimony of Mrs. Helen Hames is reversed.

*By the Court.*—Order affirmed in part; reversed in part.