ELAM, Plaintiff in error, v. STATE, Defendant in error.

*No. State 135. Argued February 5, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 176.)

For the plaintiff in error there was a brief by *James R. Mattison* and *Becker, Kinnel, Doucette & Mattison*, all of Milwaukee, and oral argument by *James R. Mattison*.

For the defendant in error the cause was argued by *Robert D. Martinson*, assistant attorney general, with whom on the brief were *Robert W. Warren*, attorney general, *William A. Platz*, assistant attorney general, and *E. Michael McCann*, district attorney of Milwaukee county.

BEILFUSS, J. No question is raised concerning the propriety of the sentence imposed, and the arguments made on this writ of error relate solely to the issue of whether defendant should be granted a new trial.

Three questions are presented:

(1) Did the trial court abuse its discretion in denying defendant's motion for a continuance made on the day of trial?

(2) Did the trial court abuse its discretion in refusing to grant immunity from prosecution to Talmadge Edwards and Robert Words at the postconviction hearing?

(3) Should defendant be granted a new trial in the interest of justice pursuant to sec. 251.09, Stats.?

Defendant's first argument is that he was denied the right to present his defense at trial in that he was not

afforded the benefit of compulsory process to compel the attendance of his alibi witnesses. In view of the facts contained in the record this appears to be somewhat of a misstatement, the real question being not whether he was denied the benefit of compulsory process but rather whether the trial court abused its discretion in refusing to grant him a continuance to locate his alibi witnesses.

The sixth amendment to the United States Constitution and art. I, sec. 7 of the Wisconsin Constitution guarantee to a criminal defendant the right "to have compulsory process" to obtain witnesses in his behalf. This right has been incorporated in the due process clause of the fourteenth amendment and applies equally to the state. In addition to the constitutional provisions for this right, it is also expressed in sec. 955.04, Stats. 1967, which provides that: "Any defendant shall have compulsory process to compel the attendance of witnesses in his behalf." [1] The sixth amendment does not require that the state be successful in attempting to subpoena the defendant's witnesses, but only that the process issue and that a diligent, good faith attempt be made by the officer to secure service of the process. *Maguire v. United States* (9th Cir. 1968), 396 Fed. 2d 327, 330.

While a state may not by statute, rule, or otherwise deny a defendant the right to compulsory process, it may, as in the case of other constitutional rights, provide reasonable regulations for the exercise and administration of the right. Since the primary responsibility for having witnesses present in court rests with the parties and not the court, the rule is that a motion for a continuance to obtain the attendance of witnesses is addressed to the discretion of the trial court, and the exercise of that discretion will not be disturbed upon

---

[1] *See State v. Groppi* (1969), 41 Wis. 2d 312, 321, 164 N. W. 2d 266.

appeal or review except where it is clearly shown that there has been an abuse. *Galloway v. Burke* (E. D. C. Wis. 1969), 297 Fed. Supp. 624; *Arndt v. United States* (E. D. C. Wis. 1966), 256 Fed. Supp. 822; *State v. Moffett* (1970), 46 Wis. 2d 164, 174 N. W. 2d 263; *State v. Whitney* (1945), 247 Wis. 112, 18 N. W. 2d 705.

In passing upon a motion for a continuance due to the absence of a witness, several factors should be considered by the trial court. Generally, the court may consider whether the testimony of the absent witness is material, whether the moving party has been guilty of any neglect in endeavoring to procure the attendance of the witness, and whether there is a reasonable expectation that the witness can be located. *See* 22A C. J. S., *Criminal Law*, p. 103, sec. 486. Where a satisfactory showing is made with respect to these elements, the moving party is ordinarily entitled to a continuance, particularly in a case such as the instant one where the facts sought to be established cannot be proved by other witnesses, and the defendant has a constitutional right to compel their attendance.

The testimony sought to be elicited from the absent witness was material. Testimony which tends to prove that the accused was at another place at the time the crime was committed, and therefore could not have been involved, is clearly relevant and material to the issues before the trier of fact. This is particularly true where the absent witnesses are the only ones who can give such evidence and their testimony would not be merely cumulative.

The second element, the moving party's diligence in attempting to procure the attendance of the absent witness, was clearly lacking here and was the basis upon which the trial court denied the continuance. The general rule as to what constitutes due diligence in these circumstances is stated as follows:

"It must affirmatively appear that accused exercised due diligence in procuring process for witnesses to appear at the trial and delay showing lack of diligence may preclude his securing a continuance because of their absence. If, however, the delay is due to the negligence of the sheriff or other officer, accused will not be affected thereby.

"Due diligence requires that accused should have subpoenas issued in ample time to procure service, or to take depositions if attendance cannot be had, and delay for varying periods after indictment has been held, under the circumstances of the particular case to show lack of diligence . . . .

"It has been held that diligence is not shown where accused waits to secure issuance of process for absent witnesses until the day the case is called for trial, or until the trial has actually begun, or until an unreasonably short time before the trial is scheduled to begin, . . ." 22A C. J. S., *Criminal Law*, pp. 183, 184, sec. 503 b (2)

A notice of alibi was timely filed on January 9, 1969. The case was originally scheduled for trial on March 19, 1969, and both alibi witnesses were served with subpoenas on March 18, 1969. They did not appear, but the matter was adjourned due to the sheriff's failure to produce the defendant on time. On June 10, 1969, notice was given that the case was scheduled for trial on July 24, 1969. Despite this notice the subpoenas for the witnesses were not issued and delivered to the sheriff for service until July 23d, the day before trial, a delay of six weeks. This delay, coupled with the knowledge that the same witnesses had previously been subpoenaed on short notice and failed to appear, clearly shows a lack of diligence on the part of the defense to procure the witnesses' attendance.

As to the third element, there was no showing of a reasonable probability that the witnesses could be located or their attendance obtained. In fact, there was

no showing that any attempt had been made to locate or contact the witnesses prior to the trial date. The defense based its argument solely on the fact that subpoenas had been issued, and made no attempt to explain the delay or show that the witnesses could be produced.

Because of the unexplained neglect in attempting to procure the witnesses' attendance and the absence of any showing that the witnesses could probably be produced, we conclude that the court did not abuse its discretion in denying the motion for a continuance made on the morning of the trial.

The defendant's second argument is that upon his motion for postconviction relief the trial court should have granted Talmadge Edwards and Robert Words immunity from further prosecution to enable them to testify in his behalf.

". . . The power to suspend a criminal law by the tender of immunity to a witness, it has been declared, is a legislative power reposing, in case of a state, in the legislature and the governor. . . ." 58 Am. Jur., *Witnesses*, p. 74, sec. 87. Statutory authority to grant immunity is ordinarily for the benefit of the prosecution, and an accused cannot invoke the provision to compel a witness to testify in his behalf. 98 C. J. S., *Witnesses*, p. 262, sec. 439.

The statutory authority for the granting of immunity to compel incriminating testimony in Wisconsin is found in sec. 885.34, Stats. 1967, which provides:

"Whenever any person shall refuse to testify or to produce books, papers or documents when required to do so in any criminal examination, hearing or prosecution for the reason that the testimony or evidence required of him may tend to criminate him or subject him to a forfeiture or penalty, he may nevertheless be compelled to testify or produce such evidence by order of the court on motion of the district attorney. . . ."

A statutory requirement for immunity is that a motion to that effect be made by the district attorney.[2] The record in this case does not reveal that such motion was ever made by the district attorney, but only that defendant sought immunity for Edwards and Words in his motion. The trial court did not have authority to grant immunity without a motion by the district attorney and its refusal to do so could not have constituted an abuse of discretion.

The defendant also contends that a new trial should be granted in the interest of justice in order to enable him to present his only defense, namely, that he was not at the place when the crime was committed.

While this court does not hold the trial court abused its discretion in denying the motion for a new trial, the trial court did intimate that if a new trial was to be awarded it should be done in this court. With that invitation we will consider whether the defendant Elam should have a new trial in the interest of justice under sec. 251.09, Stats.

The section provides as follows:

"**Discretionary reversal.** In any action or proceeding brought to the supreme court by appeal or writ of error, if it shall appear to that court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse the judgment or order appealed from, regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and may also, in case of reversal, direct the entry of the proper judgment or remit the case to the trial court for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with the statutes governing legal procedure, as shall be deemed necessary to accomplish the ends of justice."

[2] *State ex rel. Jackson v. Coffey* (1963), 18 Wis. 2d 529, 538, 118 N. W. 2d 939.

In exercising our discretion we will examine the record to determine whether "the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried."

The defendant did not testify in his own behalf, and in fact no evidence at all was offered at the jury trial by his defense other than cross-examination of the state's witnesses. Certainly the defendant has the right not to testify and not to offer evidence in his defense, but in the absence of any evidence by the defense this court is somewhat reluctant to consider a discretionary reversal except under persuasive explanation or compelling circumstances.

At the trial only one witness identified the defendant. He was a "bystander" who was sitting in his vehicle when the truck was burglarized by three men. Upon the record made, the jury was justified in finding that the defendant Elam was one of the three men who burglarized the truck. The question remains was the real controversy fully tried.

Understandably, alibi defenses are easily conceived by the unscrupulous and are subject to the criticism that any defendant who has an obliging friend or relative can have an alibi. However, this criticism should not restrict the defendant's right to have the trier of fact determine the credibility of his alibi witnesses and weigh their testimony against the evidence presented by the prosecution. Indeed, in some cases where an accused is in fact innocent, presentation of his alibi is the only effective way in which he can defend himself.

If the only factor relied upon by defendant in his motion for a new trial was failure to produce alibi witnesses after a lack of diligence in attempting to secure them, we probably would not grant a new trial under sec. 251.09, Stats. However, in this case additional factors lead us to the conclusion that the real issue has not been fully tried.

The affidavits in support of the motion show that one of the alibi witnesses was found after the trial and that he would appear and would testify that the defendant was with him at his apartment at a different location at the time the burglary was committed.

Further, the affidavit shows that one Edwards has stated and confessed to a law enforcement officer that he and not the defendant Elam was the third participant in the burglary. Words, one of the convicted accomplices, also stated that Elam was not there. Admittedly, neither of these witnesses can be required to testify if they rely upon their fifth amendment right, but Elam should have the right to call them in his defense. The defendant should also be permitted to call the detective, Schroeder, to testify as to his recollection of Edwards' confession.

This defendant, who has throughout these proceedings asserted his innocence, should have an opportunity to present his only defense and one which, if accepted by a jury, would establish his innocence.

*By the Court.*—Order reversed; judgment set aside and remanded for a new trial.