FREEMAN, Plaintiff in error, V. STATE, Defendant in error.*

*No. State 167. Argued May 6, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 191.)

\* Motion for rehearing denied, without costs, on September 8, 1971.

538

For the plaintiff in error there were briefs and oral argument by *Francis J. Demet* of Milwaukee.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

ROBERT W. HANSEN, J. The defendant raises certain issues concerning his conviction on the charge of passing a forged check. None have merit.

*Confession.* Defendant challenges the admission into evidence of admissions made by him to the police. There was a *Goodchild* hearing. Three police officers testified that the defendant was informed of his constitutional rights; that he stated he was willing to talk; that he admitted passing the forged check; and that neither threats nor promises were made to him. There was ample evidence to sustain the trial court's finding that the confession was completely voluntary and entirely admissible.

*Corroboration.* Defendant argues that his confession was not corroborated by other evidence. Clearly, he is wrong. A check identified by John Bull as his was in fact cashed at the food store. The check was identified by the cashier as being the check she cashed. The possession of other checks and personal items belonging to John Bull corroborates his statement to police that

he entered John Bull's apartment, removed certain items and falsely signed a check belonging to John Bull. If there is corroboration of any significant fact, under the Wisconsin test, that is all that is required to have a confession support a conviction.[1] There is more than that here.

*Exhibits.* Defendant objects to the admission of Exhibits 2 and 3, checks belonging to John Bull which the defendant's wife testified she found in his jacket pocket. The claim is that the John Bull checks and library identification were "not material." Certainly they were, at the least corroborating defendant's admission that he had been in the John Bull apartment. The claim further is that the defendant's wife was a hostile witness, but her hostility, if any, went to the weight to be given her testimony, not to its admissibility. The claim additionally is that the checks were secured without search warrant and not incident to an arrest. There was neither search nor seizure here. The evidence objected to was given to the police by the defendant's wife, and there is no circumstance here that made improper its use as evidence in the case of the state.

*Instruction.* Defendant contends it was error for the trial court to refuse to instruct the jury, pursuant to comment 3 of Vol. 2, Wis J I—Criminal Instruction 1491 that:

". . . Before you may find the defendant guilty of forgery, you must find beyond a reasonable doubt that the defendant signed the name (*Richard Roe*) on the check with the intent to represent that he was a person other than himself, to-wit: (*Richard Roe*)."

---

[1] "All the elements of the crime do not have to be proved independently of an accused's confession; however, there must be some corroboration of the confession in order to support a conviction. . . . If there is corroboration of any significant fact, that is sufficient under the Wisconsin test." *Holt v. State* (1962), 17 Wis. 2d 468, 480, 117 N. W. 2d 626.

The standard instructions suggest that such instruction as to the situation where a person ". . . uses a name other than his own *but represents it as his own . . . .*" is to be given to the jury ". . . [w]hen the evidence raises this issue . . . ." Here it did not. The defendant denied signing the check at all. Neither his defense nor the record reflects the special situation to which the particular instruction applies.

*Sentence.* Defendant complains that the five-year sentence imposed was made to run consecutively to a sentence the defendant was then serving, also for forgery. The statutes give the discretion to the trial court to make a sentence concurrent or consecutive (sec. 973.15 (1), Stats.). Here the defendant himself testified to having been convicted of 20 misdemeanors and one felony. He was then serving a five-year sentence on an earlier forgery charge. He had been placed on probation but had absconded from the state. Even if the discretion statutorily granted trial courts in this area were to be given a narrow interpretation, the making of this sentence consecutive would be well within the narrowest of limits.

*Interest of justice.* Defendant seeks a new trial in the interest of justice. Such extraordinary remedy is to be resorted to on appeal only when it clearly appears that there has been a miscarriage of justice.[2] Here justice did not miscarry. Here the interest of justice is best protected and served by affirmation of the jury verdict and trial court finding and sentence.

*By the Court.*—Judgment and order affirmed.

[2] *Lock v. State* (1966), 31 Wis. 2d 110, 118, 142 N. W. 2d 183.