WILKIE, J. *(concurring)*. As I have stated several times, it remains my view that the decisions of the United States Supreme Court still require this court to make an independent determination of whether a particular publication is obscene.[1] In my judgment, after making such an independent review here, there is no question but that the magazine under attack is obscene.

TATE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 98. Submitted under sec. (Rule) 251.54 February 1, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 474.)

---

For the plaintiff in error the cause was submitted on the brief of *John H. Niebler* and *Niebler & Niebler* of Menomonee Falls.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

ROBERT W. HANSEN, J. For his part in the safecracking at the savings and loan association, the defendant was charged and convicted of burglary [1] as a party to the crime.[2] By writ he challenges the conviction and sentence, and, alternatively, seeks a new trial. Three issues are raised:

---

[1] Sec. 943.10 (1) (a), Stats.

[2] Sec. 939.05, Stats. *See also: State v. Nutley* (1964), 24 Wis. 2d 527, 554, 555, 129 N. W. 2d 155; *Bautista v. State* (1971), 53 Wis. 2d 218, 224, 191 N. W. 2d 725; *Bethards v. State* (1970), 45 Wis. 2d 606, 619, 173 N. W. 2d 634.

### 1. *Sufficiency of evidence.*

The evidence, circumstantial as it usually is in burglary cases,[3] is ample to warrant a trier of fact, acting reasonably, in finding the defendant guilty beyond any reasonable doubt.[4] The defendant and Marciniak were stopped about two blocks from the scene of the crime five or ten minutes after the burglar alarm had sounded. They were both perspiring heavily. The paint deposits on the sledgehammer, in the sweepings and on the chisel specifically matched the fragments found in the tote bag and on the crowbar found in the car in which the defendant had been stopped. Wood fragments in the tote bag came from the sledgehammer found outside the savings and loan. Entirely reasonable is the inference that the sledgehammer at the scene of the crime had been in the tote bag, and that the crowbar in the tote bag was used in the burglary. The finding that the defendant was a party to the crime of burglary is supported by such compelling evidence. The evidence here is at least as strong as it was in two recent cases where convictions were sustained in similar situations.[5]

### 2. *New trial sought.*

Defendant asserts a new trial should be ordered "in the interest of justice" because his partner, Richard

[3] *Harris v. State* (1971), 52 Wis. 2d 703, 707, 191 N. W. 2d 198.

[4] *See: Bautista v. State, supra,* at page 223. *See also: Taylor v. State* (1972), 55 Wis. 2d 168, 176, 197 N. W. 2d 805; *State ex rel. Kanieski v. Gagnon* (1972), 54 Wis. 2d 108, 116, 194 N. W. 2d 808.

[5] *See: Whitmore v. State* (1973), 56 Wis. 2d 706, 203 N. W. 2d 56. The conviction was upheld where defendant was arrested in a car a few minutes after the crime at a point one block from the scene of the crime, and a search of the car revealed the victim's property. *See also: Taylor v. State, supra,* where the conviction was upheld where police spotted an automobile matching the description of the getaway car about five minutes after the robbery and circumstantial evidence was held sufficient to support the conclusion that defendant was a party to the crime.

Marciniak, has stated defendant was not with him at the time of the savings and loan safecracking. (The Marciniak statement was made when he pleaded guilty in another court to charges arising out of this same savings and loan burglary.)

Marciniak's statement does not impair the credibility of the state's witnesses and in light of a number of factors is itself worthy of little credibility. Defendant and Marciniak were arrested two blocks from the savings and loan building five to ten minutes after the alarm sounded. In another case, both have been convicted as a result of their joint effort to burglarize a West Allis credit union. Marciniak's long record for criminal activity would hardly enhance his reputation for truth and veracity. Of new trials ordered in the interest of justice, this court has termed them an ". . . extraordinary remedy . . . to be resorted to on appeal only when it clearly appears that there has been a miscarriage of justice." [6] We find no such miscarriage here.

3. *Sentences imposed.*

As to the sentence imposed by the Honorable ROBERT C. CANNON in the savings and loan safecracking, defendant claims error based on the trial judge's not ordering or using a presentence report, and in his not stating reasons for the particular sentence imposed. We find no abuse of discretion, under the facts here, in not ordering a presentence report or using one available from another conviction in another case of this defendant.[7] As to

[6] *Freeman v. State* (1971), 51 Wis. 2d 537, 541, 187 N. W. 2d 191. *See also: State v. Lindsey* (1972), 53 Wis. 2d 759, 769, 193 N. W. 2d 699; *Zdiarstek v. State* (1972), 53 Wis. 2d 420, 430, 192 N. W. 2d 833.

[7] *See: Byas v. State* (1972), 55 Wis. 2d 125, 129, 197 N. W. 2d 757, this court stating: ". . . We are of the opinion that the failure to order and consider a presentence report was not an abuse of discretion."

stating reasons for a sentence, this case was concluded six months before the *McCleary* mandate,[8] and, nonetheless, the trial judge here did set forth his reasons. He stressed the seriousness of the offense [9] and the long juvenile record of defendant in incidents involving thefts and burglaries.[10] Also, the court had before it the exact nature of the offense—a professional style safecracking with the tools and *modus operandi* that make safecracking a craft more demanding than snitching an apple from a fruit stand or a bottle of spirits from a backbar. Given the record of the defendant, the gravity of the crime and the professional nature of the criminal activity involved, the trial judge concluded that the maximum sentence ought to be imposed. We find no abuse of discretion, reiterating our ". . . strong policy against interference with the discretion of the trial court in passing sentence . . . ." [11]

As to the other sentence challenged, there is involved a sentence imposed by the Honorable HERBERT J. STEFFES for another burglary committed by defendant and his partner, Marciniak. They were arrested at the scene of

---

[8] *See: McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512, where this court adopted a court rule requiring a sentencing judge to state reasons for imposing a particular sentence. Reaffirmed in *State v. Schilz* (1971), 50 Wis. 2d 395, 401–403, 184 N. W. 2d 134. *See also: State v. Morales* (1971), 51 Wis. 2d 650, 658, 187 N. W. 2d 841, this court stating: ". . . In view of the fact that the sentence herein was imposed long before the mandate in *McCleary*, the trial judge cannot be expected to conform precisely to those standards. . . ."

[9] *"The Court:* First of all, as I said before, I am convinced beyond a reasonable doubt that he committed the crime of burglary. . . . No one is safe with all the burglaries that are taking place in Milwaukee today."

[10] ". . . He's been arrested and convicted of a previous burglary charge . . . you go back into his whole history, and it is burglary, burglary, theft, all the way through . . . ."

[11] *State v. Tuttle* (1963), 21 Wis. 2d 147, 150, 124 N. W. 2d 9.

the crime, a credit union in West Allis. The defendant pleaded guilty and was sentenced to a term of five years to run concurrent with the ten-year term imposed in the savings and loan burglary. The complaint of defendant is that both Judge STEFFES and Judge CANNON took into account the conviction in the other case. The answer is that Judge CANNON did consider the credit union burglary conviction, but Judge STEFFES did not consider the savings and loan conviction in determining an appropriate sentence. Judge STEFFES specifically stated:

". . . I am not predicating my sentence on the crime on which Judge CANNON sentenced him, so I am going to give him the same kind of sentence I gave Marciniak, except it won't be consecutive—it's concurrent. . . ."

As Judge STEFFES stated:

". . . on the facts in this case and on the prior and complete history of this defendant prior to this offense, and the nature of this offense—this was a 'safe job'— a safe burglary—he deserves the kind of sentence I am going to give him . . . ."

These facts—with this record—given the nature of these burglaries—the gravity of the offenses—the juvenile court appearances—the sentences imposed in the two cases present no abuse of discretion on the part of either sentencing judge.

*By the Court.*—In Case Number G–9832, the judgment of conviction and sentence, and the order denying motions after verdict are affirmed.

In Case Number G–8116, the judgment of sentence is affirmed.