WILBUR J. SCHMIDT, Secretary Department of Health and SocialServices
You have asked my opinion on several questions concerning the duty and authority of the Department of Health and Social Services to issue compulsory process to obtain the attendance of witnesses at probation and parole revocation proceedings.
 1. Does the Department of Health and Social Services have a constitutional or other legal duty to afford compulsory process to an alleged probation or parole violator in revocation proceedings before the department?
 2. If so, does the department or its revocation hearing examiner have the legal power or authority to issue compulsory legal process?
 3. If your answers to questions No. 1 and 2 are in the affirmative, does the department have discretion prior to the issuance of any subpoena to decide whether or not the request for compulsory process is both reasonable and seasonable?
 4. Is the department obligated to pay witness fees and mileage for witnesses subpoenaed by an indigent probation or parole violator?
I have concluded that, when required by the right effectively to present a defense, the department, having authority to do so, in the exercise of sound discretion must issue, and for an indigent pay the costs of, compulsory process to obtain the attendance of witnesses on behalf of probationers and parolees at revocation proceedings. *Page 177 
 1. When required by the right effectively to present a defense, the department has a constitutional duty to provide compulsory process to obtain the attendance of witnesses on behalf of probationers or parolees at revocation proceedings.
The right to compulsory process to obtain the attendance of witnesses on one's behalf has its genesis in the Sixth Amendment to the Constitution of the United States and Art. I, sec. 7 of the Wisconsin Constitution.
Since both federal and state constitutional provisions apply expressly in criminal prosecutions, however, they are not directly relevant to probation and parole revocation proceedings. Such proceedings are not part of a criminal prosecution and the full panoply of rights due a criminal defendant does not apply.Gagnon v. Scarpelli (1973), 411 U.S. 778, 782, 93 S.Ct. 1756,36 L.Ed.2d 656; Morrissey v. Brewer (1972), 408 U.S. 471, 480,92 S.Ct. 2593, 33 L.Ed.2d 485. Also see State ex rel. Cresci v.Schmidt (1974), 62 Wis.2d 400, 250 N.W.2d 361 (No. 151, dec'd March 5), op. p. 5.[1]
Nevertheless, revocation proceedings are required to be conducted in accord with the conditions of due process of law.Gagnon v. Scarpelli, supra, 782; Morrissey v. Brewer, supra, 482;State ex rel. Johnson v. Cady (1971), 50 Wis.2d 540, 547,185 N.W.2d 306. Also see State ex rel. Ball v. McPhee (1959), 6 Wis.2d 190,199, 94 N.W.2d 711 .
At a minimum, due process in revocation proceedings includes an opportunity for the probationer or parolee to be heard in person and to present witnesses to show, if he can, that he did not violate the conditions of his release, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation. Morrissey v. Brewer, supra, 488, 489; Stateex rel. Cresci v. Schmidt, supra, 5.
The right to present witnesses to establish a defense is the right to compel the appearance of witnesses if necessary.Washington v. *Page 178 Texas (1967), 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019. Due process, therefore, incorporates the right to compulsory process. Ibid.; Elam v. State (1971), 50 Wis.2d 383, 389,184 N.W.2d 176.
"But due process is not so rigid as to require that the significant interests in informality, flexibility, and economy must always be sacrificed." Gagnon v. Scarpelli, supra, 788. Rather, ". . . due process is flexible and calls for such procedural protections as the particular situation demands."Morrissey v. Brewer, supra, 481.
Due process is pliable enough so that, where appropriate, the conventional substitutes for live testimony, i.e., letters, affidavits, depositions and documents not admissible in a criminal trial, can be considered as evidence in revocation proceedings. Gagnon v. Scarpelli, supra, 783, fn. 5, Morrissey v.Brewer, supra, 489; State ex rel. Johnson v. Cady, supra, 549.
Nevertheless, ". . . in some cases there is simply no alternative to live testimony . . ." Gagnon v. Scarpelli, supra, 783, fn. 5.
While the right to compulsory process as incorporated in the concept of due process does not require that all possible witnesses be subpoenaed in every revocation proceeding, in those situations in which the right effectively to present a defense requires that witnesses be present to give oral testimony on behalf of a probationer or parolee accused of violating the conditions of his release, compulsory process to obtain the appearance of the witnesses must be provided.
Because of the almost infinite variety of factual circumstances which are likely to present themselves at revocation hearings it is not possible to formulate an absolute rule with respect to the right, there, to compulsory process; the decision whether to use a substitute for live testimony or to subpoena a witness to appear in person must be made on a case-by-case basis considering the demands of the particular situation. Cf. Gagnon v. Scarpelli,supra, 790, 791.
 2. The department has legal authority to issue compulsory process to obtain the attendance of witnesses at revocation proceedings.
Section 140.05 (4), Stats., enumerating various powers of the Department of Health and Social Services, provides that: *Page 179 
 "The department may administer oaths, certify to official acts, issue subpoenas, compel the attendance of witnesses, and production of papers, books, documents and testimony."
Although that grant of power is found in the statutes pertaining to public health, there is no limitation in the grant to that aspect of the department's responsibilities.
Absent such limitation, the department possesses general subpoena power which may be used to compel the attendance of witnesses at any hearing held by the department in pursuance of its mandated missions. Among these, of course, is the administration of parole and probation matters. Sec. 46.03 (6) (c), Stats.
Moreover, it is a well-established principle that an administrative agency possesses every power which necessarily or reasonably is implied in an express grant of power and which is indispensable to the power expressly granted. 46 OAG 280, 281 (1956);1 Am. Jur. 2d, Administrative Law, sec. 44, p. 846. Also see Id. sec. 73, p. 869.
Since due process permits probation or parole to be revoked only after a hearing, Gagon v. Scarpelli, supra; Morrissey v.Brewer, supra, wherein witnesses, in some circumstances, must be compelled to attend, the power to compel the attendance of witnesses is indispensable to the express power of administering parole and probation matters and necessarily must be implied in the grant of that power.
Finally, a subpoena to require attendance of witnesses may be issued by any person authorized to take testimony in any proceeding authorized by law. Sec. 885.01 (4), Stats.
Revocation hearings not only are authorized but, as has been pointed out, required by law. Note Nick v. State HighwayCommission (1963), 21 Wis.2d 489, 495, 124 N.W.2d 154.
And since revocation hearings inherently are evidentiary, requiring reception, in some cases, of oral testimony, the hearing officer, whose function it is to consider and evaluate the facts, impliedly possesses power to take testimony necessary to acquire knowledge of the facts. See Gagnon v. Scarpelli,supra, 783, fn. 5, 784; Morrissey v. Brewer, supra, 487, 488;State ex rel. Bernal v. *Page 180 Hershman (1972), 54 Wis.2d 626, 631, 196 N.W.2d 721. Also see secs. 227.10, 227.12, Stats.
 3. The department has discretion to determine at each revocation proceeding whether the right effectively to present a defense requires issuance of compulsory process to obtain the attendance of witnesses at that proceeding.
In any proceeding when an accused requests compulsory process, the burden is on him to establish a colorable need for the person summoned. Hoskins v. Wainwright (5th Cir. 1971), 440 F.2d 69, 71, and cases cited; State v. Croppi (1968), 41 Wis.2d 312, 323,164 N.W.2d 266, vac. on other grounds, 400 U.S. 505, conformed to50 Wis.2d 407. And need is not established by an affidavit or argument which merely is conclusional. United States v. Bottom
(9th Cir. 1972), 469 F.2d 95, 95.
The due process origin of the right to compulsory process at revocation proceedings requires that determinations be made at each proceeding and with respect to each requested witness whether the right to present a defense requires the physical presence of the witness.
What was said of the right to counsel at revocation proceedings, which similarly comprehends situational decisions concerned with the demands of due process, applies equally, therefore, to the right to compulsory process at such proceedings.
"[T]he decision as to the need for [compulsory process] must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system." Gagnon v.Scarpelli, supra, 790. Also see State ex rel. Cresci v. Schmidt,supra, 11; United States v. Rigdon (6th Cir. 1972), 459 F.2d 379,380, cert. den. 409 U.S. 1116, and cases cited.
Even in criminal prosecutions where the right to compulsory process is relatively rigid, a defendant may be refused process, in the discretion of the court, when his request is untimely, when the proposed witness would not offer relevant and material testimony, or when there is no reasonable expectation that the witness will be located. Elam v. State, supra, 389, 390; UnitedStates v. Grooms (7th Cir. 1972), 454 F.2d 1308, 1311, cert. den.409 U.S. 858; *Page 181 United States v. De Stefano (7th Cir. 1973), 476 F.2d 324, 330;United States v. Rodriguez (5th Cir. 1973), 474 F.2d 587, 591.
It follows that the department has discretion to deny compulsory process in revocation proceedings when one of the above circumstances exists.
But in addition, considering the flexibility of the right in revocation proceedings, in determining whether it will issue compulsory process the department may take into account the availability and adequacy of a substitute for live testimony,Gagnon v. Scarpelli, supra, 783, fn. 5, whether the accuracy of any substitute is contested, State ex rel. Bernal v. Hershman,supra, 631, the effect of oral testimony on the informality and flexibility of the proceeding, Gagnon v. Scarpelli, supra, 788, and the difficulty and expense of transporting witnesses to the proceeding. Ibid.; Id. 783, fn. 5.
With respect to the consideration of economy, it generally has been held that the courts, and consequently the department, have wide latitude in determining whether to subpoena witnesses for indigent accused at state expense. See, e.g., United States v.Zuideveld (7th Cir. 1963), 316 F.2d 873, 881, cert. den. 376 U.S. 916.
In those circumstances, though, where, taking all relevant factors into account, it reasonably appears that the accused probation or parole violator cannot adequately defend himself without live testimony, compulsory process must be issued to the witness or witnesses who would offer the indispensable testimony.
 4. The department is obligated to pay the costs of compulsory process issued on behalf of an indigent accused probation or parole violator.
Section 140.05 (4), Stats., which bestows on the department the authority to issue compulsory process provides further:
 "Witness fees and mileage shall be paid by the state and charged to the appropriation for the department, but no witness subpoenaed at the instance of parties other than the department shall be entitled to fees or mileage from the state, unless the department certifies that his testimony was material." *Page 182 
Since the department need subpoena only witnesses whose testimony will be relevant and material, it may be supposed that the department must pay fees and mileage for most, if not all, witnesses subpoenaed to appear at revocation proceedings.
Furthermore, both the due process and equal protection clauses of the Constitution require the state to waive or pay any costs levied on an indigent's right to compulsory process.
It is a denial of due process if an accused is prevented by indigency from securing the attendance of witnesses necessary for a fair hearing. See State v. Zwicker (1969), 41 Wis.2d 497, 5 16, 517, 164 N.W.2d 512. If the witness' appearance is necessary, under the criteria previously discussed, to comport with the requirements of due process at a revocation proceeding, due process further requires that the department pay the costs of securing that witness to appear on behalf of an indigent probationer or parolee.
Nor may the state deny equal protection of the law by interposing between its indigent prisoners and their exercise of the right to sue for their liberty any financial considerations.Smith v. Bennett (1961), 365 U.S. 708, 709, 81 S.Ct. 895,6 L.Ed.2d 39. Every accused, therefore, has a right to compulsory process whether or not he is able to pay. People v. Virella
(1973), 55 Ill. 2d 102, 302 N.E.2d 327, 329; United States v.Julian (10th Cir. 1972), 469 F.2d 371, 375.
RWW:TJB
[1] It should be noted that in State ex rel. H SS Departmentv. Circuit Court (1973), 57 Wis.2d 329, 204 N.W.2d 217, the Wisconsin supreme court stated that revocation of probation essentially is a criminal matter. Id. 330. That generalization however, does not affect the fact which is of significance for this inquiry, that probation revocation is not part of a criminalprosecution. See 34A Words and Phrases, pp. 489-494, pocket part (1973), p. 40.