DEJA, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 141, 142. Argued June 6, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 856.)

490

For the plaintiff in error there was a brief and oral argument by *Peter N. Flessas* of Milwaukee.

For the defendant in error the cause was argued by *G. George Lawrence,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

ROBERT W. HANSEN, J.   Of the half-dozen or so points raised by defendant, two relate to the admissibility and use of juvenile records in trial proceedings.

*Was it error for the trial court to refuse to permit
cross-examination of the state's juvenile witness
as to his criminal record?*

The question was asked of the juvenile witness: How many times have you been arrested and convicted of a crime? Objection was made to the question on the ground the witness was a juvenile. The objection was sustained.

Juvenile records are not admissible into evidence in this state.[1] An adjudication of delinquency in the juvenile court is not a criminal conviction that can be used for impeachment of a state juvenile witness in a subsequent trial.[2]

At the time of the motion for a new trial, defense counsel argued the question was proper since the seventeen-year-old witness could have an adult record if the juvenile court had ever waived its jurisdiction over him. There was no offer of proof in this regard at the time of the ruling on the objection. It was incumbent upon counsel to make such offer of proof as to the rejected testimony, not only for the purpose of advising the trial court so that it might know exactly what was being offered, but also to preserve the exception to the exclusion of the offered evidence on appeal.[3] Such offer of proof must be so specific as to leave no doubt as to what is intended.[4] Here there was no offer of proof making the point now pressed.

*Was the defendant's juvenile record barred from consideration by the court at the time of sentencing?*

There is a clear distinction between what is admissible as evidence in a trial and what may be considered as part of a presentence investigation made after a judgment of guilt has been entered. The disposition of any child's case in the juvenile court is not admissible as evidence against the child in a trial. However, the very

---

[1] Sec. 48.38 (1), Stats.

[2] *Banas v. State* (1967), 34 Wis. 2d 468, 472, 473, 149 N. W. 2d 571.

[3] *See Findorff v. Findorff* (1958), 3 Wis. 2d 215, 88 N. W. 2d 327.

[4] "If the offer is fairly open to two constructions, counsel cannot insist in a court of review on the construction most favorable to himself, unless it is justly inferable that he was so understood by the judge who rejected the evidence." 5 Wharton's, Anderson, *Criminal Law and Procedure*, pp. 186, 187, sec. 2041.

purpose of a presentence report is to give as complete as possible a history and background of the convicted defendant in order that the sentencing court may fairly decide the appropriate disposition of the case.

This court has upheld a trial court's use in a presentence report of information that numerous complaints charging that the convicted defendant had obtained property through fraudulent representations had been recently made by various persons.[5] Of such complaints, and their materiality to the sentencing alternatives, this court said, "These complaints are evidence of a pattern of behavior which, in turn, is an index of the defendant's character, a critical factor in the sentencing," also saying as to presentence examinations, "Typically, such reports contain pertinent information relating to the defendant's personality, social circumstances, and his prior criminal record (if any)." [6] At the time of sentencing, prior involvements of a defendant with juvenile authorities are properly before the court, not as part of a prior criminal record, but as evidence ". . . of a pattern of behavior which, in turn, is an index of the defendant's character . . . ." [7]

*Was the evidence adduced at the trial sufficient to support the conviction of defendant beyond a reasonable doubt?*

Except for the defendant's throwing away a key that fit the stolen car after his arrest, the issue is entirely one of the credibility of witnesses. The juvenile witness testified that the defendant came along in the stolen car, picked him up and they went for a ride. The defendant testified that the juvenile came along in the stolen car, picked him up and they went for a ride. The

---

[5] *Waddell v. State* (1964), 24 Wis. 2d 364, 367, 369, 129 N. W. 2d 201.

[6] *Id.* at page 368.

[7] *Id.* at page 368.

dispute is entirely and exactly who took the car. The issue is that of which account is to be believed. Under this set of facts, " 'The test is not whether this court is convinced of the guilt of the defendant beyond a reasonable doubt but whether this court can conclude the trier of the facts could, acting reasonably, be convinced to the required degree of certitude by the evidence which it had a right to believe and accept as true.' " [8] We conclude that the trier of facts acting reasonably, was so convinced by such evidence.

### Did reference by a witness to a "stolen car" constitute prejudicial error?

The police officer who testified at the trial referred to the juvenile witness sitting behind the wheel of a "car which was stolen" and to his (the police officer's) driving "the stolen car, the 1962 Chevrolet," to the police station. The area of dispute in this case does not include whether the automobile involved was stolen. The only dispute is as to who did the stealing. The description of the Helminski auto as a "stolen car" is not erroneous, misleading or prejudicial. It is entirely accurate.

### Did remarks of the prosecutor constitute prejudicial error?

The assistant district attorney in arguing the case to the court, this being a trial before the court, commented "Yet, when he (defendant) is arrested and questioned by the officers, he refuses to make any statement. Under the circumstances, there is strong indication of a guilty mind." The defendant's attorney in his argument to

---

[8] *Massen v. State* (1969), 41 Wis. 2d 245, 259, 163 N. W. 2d 616.

the court responded, "Certainly the District Attorney knows that no inference at all can be drawn from this man by not making any statement." The district attorney was wrong, defense counsel right, in assessing the significance of silence at the time of arrest. Defense counsel did not object to the comment when it was made which would have given the court an opportunity to rule on the incorrect inference. Defense counsel elected to answer the inference in rebuttal argument. He did so correctly and effectively. There is no indication that the trial court believed the prosecutor who was clearly wrong, or disbelieved the defense attorney who was clearly right.

*In a trial to the court there is no reason to hold the comment by the court to constitute prejudicial error.*

The trial court's comment to which objection is made came at the time of sentencing after hearing the statement of defense counsel. The court said, "When are you going to begin thinking about protecting society. You always protect the individual; don't you think that society should be protected just once?" While, thus isolated and separated from what went before, the comment and question may well seem unnecessarily abrasive, they were made after the defendant had been found guilty of operating a motor vehicle without the owner's consent. Given the fact and finding of guilt, they are a strongly worded but not inaccurate reminder that sentencing alternatives are to be evaluated by a trial court in the light of protecting the community and society as well as considering the welfare and well-being of a convicted defendant. There was too much mustard on the sandwich here, but some mustard was not out of place.

*Was the trial court required to state its reasons
for finding the defendant guilty?*

It would have been preferable that the trial court, as suggested by standard 11 of the judicial code,[9] accompany his finding of guilt with a brief summary of his reasons for so doing. Where the issue was so evidently one of credibility of witnesses, that might well have been no more than the statement made by the trial court at the hearing on motions for a new trial. The court then stated: "I didn't believe any of the defendant's testimony." Obviously, the decision rested almost entirely on which witness, the juvenile or the defendant, was to be believed and found to be giving the truthful account of what had happened.

However, reversal is not indicated where a finding of guilt is not accompanied by a statement of reasons for finding the defendant guilty. Courts have travelled a long ways since the decision that summarized trial court practices in this regard as follows:

"So far as we are advised, it is the usual and customary practice of trial judges, upon the rendition of the verdict or the entering of a plea of guilty, to adjudge thereon that the defendant is guilty, stating the offense, and proceed thereupon to declare the sentence. While it may not be error to depart from this practice, it certainly makes the record more definite and certain and leaves nothing to be implied." [10]

At least, on this record, the finding of guilt by the court with no jury involved was definite and certain and left nothing to be implied. There was no room for doubt as to what crime the defendant was found guilty of com-

---

[9] ". . . In disposing of contested cases he [judge] should indicate the reasons for his action." *Code of Judicial Ethics* (1967), 36 Wis. 2d 252, 153 N. W. 2d 873, 155 N. W. 2d 565.

[10] *In re Carlson* (1922), 176 Wis. 538, 556, 186 N. W. 722.

mitting and why he was found guilty. His testimony was not believed by the court. The testimony of the state's witness was.

*By the Court.*—Judgment and order affirmed.