STATE, Respondent, v. MOFFETT, Appellant.

*No. State 109.   Argued February 4, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 263.)

For the appellant there was a brief and oral argument by *Harvey L. McCormick* of Rochester, New York.

For the respondent the cause was argued by *Michael Ash*, assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren*, attorney general, and *E. Michael McCann*, district attorney.

WILKIE, J. The defendant raises two issues on this appeal:

1. Should the trial court have granted defendant's motion for an adjournment made *immediately prior* to the scheduled commencement of his jury trial?

2. Should the trial court have permitted further questioning of one of the defense witnesses on redirect examination?

Before this court can reach the merits of these issues it is again confronted with the situation where lack of a proper postconviction motion or inappropriate post-trial motions before the trial court could justify this court in refusing to review the issues raised on appeal.

This court does have the discretionary power to consider these issues even though the required motion was not made at the trial court level. Exercising that discretionary power to consider the issues now raised by defendant we find no merit in them.

Concerning the trial court's failure to grant defendant's trial counsel's motion for a continuance, the record shows that he did not make such motion until immediately prior to the scheduled commencement of the trial. The following colloquy took place in the judge's chambers:

"*Mr. Pfau:* If it please the court, the defense at this time would move for an adjournment; and the reason for it—basis for the adjournment is that the defendant, Orsby Moffett, has informed me today, for the first time, that he has the name of a witness to this matter who he has advised me is not present within the state, is it?

"*The Defendant:* Yes.

"*Mr. Pfau:* And he will not return until when?

"*The Defendant:* Sixty days.

"*Mr. Pfau:* Sixty days.

"*The Court:* Let the record show that these proceedings are being had in chambers at the request of the defense because of the fact that the jury panel is sitting in the courtroom and the defense did not in any way wish to prejudice the position of the defendant by having this motion made in the hearing of the jury panel; is that correct, counsel?

"*Mr. Pfau:* That's correct.

"*The Court:* Let the record further show that the date for trial in this matter was set in a hearing before this court on November 8 of 1968, which was practically two months ago, and that the State is here and prepared for trial; the jury is present; his motion for adjournment is made for the first time this morning since the 8th of November of 1968; is that correct?

"*Mr. Pfau:* That is correct, Your Honor. The basis is that this was the first knowledge that I, as defense attorney, had of this, although I have had four or five conferences with the defendant prior to this; and according to his information, this is the first time he was aware of the name of the witness.

". . .

"*The Court:* Well, the motion is denied. . . ."

This short colloquy indicates that the motion for adjournment was made mainly for dilatory purposes. During the approximately five months that the robbery charge had been pending against defendant, he made no mention of this alleged witness. Moreover, the testimony subsequently elicited at the trial in no way indicates that there was a witness to the robbery. Furthermore, since the defendant was arrested at the robbery scene,

the alleged witness could not be used to provide an alibi for the defendant.

A continuance for the purpose of obtaining an absent witness is discretionary with the trial court.[1] Under the record presented by this case we are satisfied that the trial court's refusal to grant the continuance was clearly not an abuse of discretion and the prejudice, if any, to the defendant because of this refusal, was a result of his own lack of diligence in seeking the continuance.[2]

As to the trial court's restriction of the efforts of defendant's counsel on redirect examination to rehabilitate his witness and alleged accomplice, Warren Stearns, the record reveals that on cross-examination Stearns was shown to have pleaded guilty to the same robbery for which defendant was being tried and to have made several sworn statements incriminating both himself and defendant during the evidentiary hearing on his plea of guilty.

Then, on redirect examination of Stearns, the following colloquy occurred:

"Q. Mr. Stearns, do you have an explanation for making those answers to the questions that were put to you by the district attorney?

"Mr. Lakes: If it please the court, I am going to object to the broadness of that question.

"The Court: Not only that—it's immaterial for the issue before this jury. Objection is sustained.

"Mr. Pfau: If it please the court, may I be heard on the matter?

"The Court: I require no argument, counsel.

"Q. (By Mr. Pfau:) Mr. Stearns, did you rob Robert Kosmoski? A. I guess I did. I pleaded guilty to it.

"Q. You pleaded guilty. Did you or didn't you? A. No, I didn't.

---

[1] See Miller v. State (1909), 139 Wis. 57, 119 N. W. 850.

[2] See State v. Whitney (1945), 247 Wis. 112, 18 N. W. 2d 705; see also Mainville v. State (1920), 173 Wis. 12, 179 N. W. 764.

"*Mr. Lakes:* I will object to that, Your Honor. The witness has answered. I believe the record speaks for itself, and I would ask the court to take judicial notice.

"*The Court:* Objection is sustained.

"*Mr. Pfau:* I have no further questions.

"*Mr. Lakes:* Nothing further.

"*The Court:* You may step down."

On appeal, defendant now claims that defendant's trial counsel was attempting to rehabilitate the credibility of Stearns and that the trial court, by sustaining the two objections made by the prosecutor, Mr. Lakes, committed prejudicial error.

This claim is without merit. It would be pure speculation on this court's part to determine that the information defense counsel attempted to elicit would have been rehabilitative in nature. There was no offer of proof as to what the witness would have testified to had the prosecutor's objections not been sustained.

In discussing the necessity of an offer of proof following the alleged erroneous exclusion of evidence in civil cases, this court has said:

". . . An offer of proof must be made as a necessary condition precedent to our review of any alleged error in the exclusion of evidence. Without such offer of proof there is no way for this court to know whether the exclusion of evidence was prejudicial." [3]

The same reasoning applies with equal force to criminal trials. In *State v. Klein*,[4] this court held that where the defense counsel failed to state the purpose of the

---

[3] *Hales Corners Savings & Loan Asso. v. Kohlmetz* (1967), 36 Wis. 2d 627, 633, 634, 154 N. W. 2d 329; *see also Findorff v. Findorff* (1958), 3 Wis. 2d 215, 226, 88 N. W. 2d 327; *Will of Ganchoff* (1961), 12 Wis. 2d 503, 513, 107 N. W. 2d 474; *but see, Fullerton Lumber Co. v. Korth* (1964), 23 Wis. 2d 253, 258, 127 N. W. 2d 1.

[4] (1964), 25 Wis. 2d 394, 130 N. W. 2d 816, certiorari denied, *Sterger v. Wisconsin*, 380 U. S. 951, 85 Sup. Ct. 1083, 13 L. Ed. 2d 969.

interrogation objected to, the trial court could properly sustain the objections.

Similarly, here, the defense counsel failed to state the purpose of the interrogation which was objected to. Without such an explanation it lay within the discretion of the trial court to conclude that the information sought was irrelevant to the issues of the case. Furthermore, many questions had been directed to the defendant, and defendant's counsel on redirect did not specify which of the many questions he wanted the witness to clarify. For these reasons we find no error was committed in sustaining the objections to the questions propounded to Stearns.

*By the Court.*—Judgment affirmed.