STATE, Respondent, v. HOFFMAN, Appellant.*

*No. State 70. Submitted under sec. (Rule) 251.54 March 1, 1973.—*
*Decided March 27, 1973.*
(Also reported in 205 N. W. 2d 386.)

* Motion for rehearing denied, without costs, on June 5, 1973.

For the appellant the cause was submitted on the brief of *John T. McCann* of Milwaukee.

For the respondent the cause was submitted on the brief of *Robert W. Warren*, attorney general, and *Robert D. Martinson*, assistant attorney general.

ROBERT W. HANSEN, J.   What is here involved is a fake holdup of a parking attendant at the airport in Milwaukee. The attendant, William Kopatich, testified that he arranged with defendant and a Cody Zanow to be "held up" while on duty at the parking lot at General Mitchell Field. The attendant testified that, the next day, defendant and Zanow showed up at the airport gate at which he was working. Defendant handed Kopatich a holdup note and was given by Kopatich the money he had in a pouch. Shortly thereafter, Kopatich reported the "robbery" to a deputy sheriff giving the deputy an inaccurate description of three "holdup" men, but an accurate description of the car. The deputy sheriffs located a car that fit the description and determined that it belonged to a brother of the attendant who reported the "crime." Confronted with this information, William Kopatich later admitted it was not a true holdup and stated that he and defendant had planned the "robbery" the

night before. $119.19 in currency and coins, plus two car keys which fit the automobile used in the "holdup," were found in the defendant's possession at the time he was taken into custody.

Defendant claims three prejudicial errors in the trial resulting in his conviction and sentence.

*Admission.* Defendant claims trial court error in allowing into evidence an oral statement made by him to the police admitting the airport theft. He claims the oral confession was involuntary because it was preceded by an implied promise of the deputy sheriff to have only one warrant issued for the airport theft and nearly 100 burglaries in which the defendant was involved. (The reference to one warrant presumably meaning the state would seek only one conviction.) Actually, two charges were brought in separate cases, one for theft and one for burglary, and two convictions obtained.

Police officers do not determine the number of warrants to be issued or charges to be brought against a defendant believed to be involved in a number of crimes. The defendant knew and was informed that the arresting officer could not promise or guarantee that only one warrant would be issued by the prosecutor. Moreover, a police detective and a deputy sheriff testified at the *Goodchild* hearing that the defendant first admitted the airport theft, then discussed other burglaries in which he was involved, then stating he wanted only one warrant issued for all the burglaries. The trial court specifically found:

". . . I find beyond a reasonable doubt that at the time of this particular oral statement no promises of any kind had been made by the detective, or any other member of a law enforcing agency, to this defendant to extract from him this oral statement."

This finding, certainly supported by evidence the trial court was entitled to believe, disposes of the issue raised, and there is no need to say more.

*Cross-examination.* Error is alleged in the trial court's restricting cross-examination of certain state witnesses. Four instances are set forth where the prosecutor objected to a question asked and the trial court sustained the objection. In each instance the defense counsel made no response to the objection, and no offer of proof was made in regard to any testimony thus excluded. An offer of proof is a condition precedent to having this court review an allegedly erroneous ruling on evidence, and here none was made. *(See: Deja v. State* (1969), 43 Wis. 2d 488, 492, 168 N. W. 2d 856; *State v. Moffett* (1970), 46 Wis. 2d 164, 168, 174 N. W. 2d 263; *State v. Becker* (1971), 51 Wis. 2d 659, 668, 188 N. W. 2d 449.)

*Currency.* The claim of error is that an envelope containing the $119.19 found on defendant's person ought not have been admitted into evidence. The sum was made up of two $20 bills, seven $10 bills, one $5 bill, one $1 bill, and $3.19 in change. The confederate in the pseudoholdup, William Kopatich, testified he handed over a large number of $1 bills, with some $5 and $10 bills, but such testimony creates an issue of credibility, not admissibility. It is contended that the foundation of a defendant's prior lack of funds must be laid before evidence of the amount of money on a defendant at the time of arrest can be admitted into evidence. Cash on the person, as well as evidence of expenditures after an alleged crime, ". . . is admissible without the state first laying a prior foundation of the prior relative impecuniousness of defendant before the event of the alleged crime. The evidence is relevant and admissible; the weight of such evidence is for the trier of fact." (*State v. Heidelbach* (1971), 49 Wis. 2d 350, 359, 182 N. W. 2d 497.)

*By the Court.*—Judgment affirmed.