BELLINDER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 41. Argued June 5, 1975.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 770.)

---

[23] *Byrd v. State, supra,* footnote 1, at page 424.
[24] *Id.* at page 424.

500

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* assistant state public defender, and oral argument by *Mr. Brandt.*

For the defendant in error the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

CONNOR T. HANSEN, J.   Writ of error issued to review an order denying the sec. 974.06, Stats., postconviction motion of Thomas Bellinder, plaintiff in error (hereinafter defendant).

Relevant to this appeal are two September 14, 1972, convictions of the defendant. The defendant was convicted of one count of indecent behavior with a child, sec. 944.11 (2), Stats., and a second count of lewd and lascivious behavior, sec. 944.20 (2). Trial was to a jury.

As a result of the conviction on sec. 944.11 (2), Stats., count, sec. 975.01 of the Sex Crimes Law mandated that the trial judge commit the defendant to the department of health & social services for a presentence social, physical and mental examination. It was ultimately determined that the defendant was in need of specialized treatment and he was ordered committed to the H&SS department for treatment. The commitment was stayed, and he was placed on probation for five years with a requirement that he avail himself of certain prescribed specialized treatment. This probation period was ordered to run concurrently with a period of probation imposed on the sec. 944.20 (2) conviction.

The sec. 944.11 (2), Stats., conviction arises out of an incident alleged to have occurred between February 1, 1972, and February 25, 1972.

The sec. 944.20 (2), Stats., conviction arises out of an incident alleged to have occurred on April 12, 1972.

The convictions are primarily based upon the testimony of three minor male witnesses, ages thirteen, fourteen and seventeen years at the time of trial. It appears that these three minors and others had been employed by the defendant to do various kinds of work around and in his house. As a result, they spent considerable time at the defendant's house during the times they were working and otherwise engaged. Among other things, at least some of them consumed beer at defendant's house. It is disputed as to how they came into possession of the beer.

The sec. 974.06, Stats., postconviction motion was filed with the trial court on March 5, 1974. It raised issues relating to the right of the defendant to cross-examine juvenile state witnesses regarding their probationary status and juvenile adjudications of delinquency. The trial court denied the motion by written opinion, without a hearing, on April 17, 1974.

Subsequently the state moved this court for summary affirmance. The defendant filed a motion for summary reversal of the order denying postconviction relief.

November 26, 1974, this court entered an order summarily affirming the judgment and conviction and also denying the defendant's motion for summary reversal of the denial of the defendant's motion for postconviction relief.

January 23, 1975, this court entered a further order with respect to its November 26, 1974, disposition of the motions. It was ordered that the parties file briefs limited to arguing the scope and retroactive application of *Davis v. Alaska* (1974), 415 U. S. 308, 94 Sup. Ct. 1105, 39 L. Ed. 2d 347.

After reviewing the record in the instant case, we are of the opinion that the defendant's failure to properly preserve the issues by raising them in the trial court at the time of trial and by making a factual record sufficient to permit this court to determine the application and effect of the *Davis* ruling, constitutes a waiver of the issues by the defendant. We consider the *Davis* ruling only for the purpose of disclosing the inadequacies of the record before us.

In *Davis v. Alaska, supra,* the defendant was charged and convicted of larceny and burglary arising out of an incident at the Polar Bar. The key prosecution witness was a juvenile (Green), sixteen years of age at the time of the incident, and seventeen years of age at the time of the trial. *Before* trial, the prosecutor moved for a protective order to prevent any reference to Green's juvenile record by the defense in the course of cross-examination. Green was on probation at the time, having been found delinquent for burglarizing two cabins. Counsel made these facts clear in opposing the protective order. It was also clear that the introduction of Green's juvenile delinquency adjudications for the two cabin burglaries and the fact that he was on probation would

not be for the purpose of general impeachment of Green's character as a truthful person. The record of Green would be revealed only as necessary to probe Green for bias and prejudice and not generally to call Green's good character into question.

Based upon the provisions of the Alaska Rule of Children's Procedures, the Alaska court granted the protective order. The United States Supreme Court reversed, holding "In this setting we conclude that the right of confrontation is paramount to the State's policy of protecting a juvenile offender." *Davis v. Alaska, supra,* page 319. The case was resolved on the basis of sixth amendment rights of the United States Constitution. The sixth amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witness against him." Thus, founded upon the sixth amendment rights and based upon the record before it, the United States Supreme Court held that the right of confrontation and the right of cross-examination existed.

There is nothing in *Davis v. Alaska, supra,* which holds or suggests that the constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications.

We now examine the record of the instant case as it relates to the *Davis* ruling.

March 5, 1974, approximately fifteen months after conviction, the state public defender filed the postconviction motion here under review. This motion is supported by an affidavit of the defendant's trial counsel. This affidavit, in pertinent part, states:

"(3) That on information and belief, your affiant, while preparing for trial in the above-captioned action, found that certain minor witnesses had previously been adjudicated delinquent;

"(4) That your affiant, on information and belief, felt that the law disallowed such evidence on impeachment of juvenile witnesses in a trial of this nature;"

The affidavit of trial counsel in support of the post-conviction motion also reflects that inquiry into the juvenile court records would have been directed toward the impeachment of the juvenile witnesses. There is no inference that the purpose was to demonstrate bias and prejudice under the *Davis* rule.

A careful examination of the record of the 1972 trial reflects that there is not a scintilla of evidence or any other type of indication or inference that any one of the three state juvenile witnesses was on probation at the time of assisting the police and the prosecution for having been adjudged delinquent for any reason, especially one similar to that with which the defendant was charged. In fact, there is absolutely nothing in the record which relates to any juvenile court proceeding. There is no offer of proof in the record. Furthermore, there is no indication in the record that any attempt was made to even inquire about juvenile court proceedings or to secure any kind of court order to have the trial judge or anyone else examine the juvenile court records to see if any did in fact exist as to any of the three juvenile witnesses.

The defendant does not argue that an erroneous ruling of the trial court prevented cross-examination of juvenile witnesses. There was no such ruling by the trial judge because the issue was not raised at the trial. It was only fifteen months after judgment, by way of a postconviction motion filed by the state public defender, that the trial court was first made aware that any juvenile witnesses possibly had records and might possibly be subject to cross-examination on those alleged records. The trial court did not deny or limit the defendant's cross-examination of the state's juvenile witnesses; it was never requested to rule upon the question.

The state public defender attempted to raise the issue for the first time in the postconviction motions by stressing, through the affidavit of trial counsel, that no effort

was made to cross-examine the juvenile witnesses because this court's ruling in *Deja v. State* (1969), 43 Wis. 2d 488, 168 N. W. 2d 856, prevented such cross-examination for "impeachment" purposes. Trial counsel's decision not to cross-examine was made though he was informed and believed that "certain minor witnesses had previously been adjudicated delinquent."

Trial counsel's understanding of the rule was correct. We would also observe that the same rule was continued when the Code of Evidence was subsequently adopted as sec. 906.09 (4), Stats. *Davis v. Alaska, supra,* does not stand for the proposition that a juvenile witness can be cross-examined as to prior juvenile adjudications for impeachment purposes or as to credibility. *Davis* stands for the proposition that such rights of cross-examination are for the purpose of showing bias or prejudices under the guidelines therein set forth.

The public defender, in effect, argues that any attempt to raise the issue here presented at the trial would have been futile; this, because of existing common law of this state and sec. 48.26 (1) and (2), Stats., and sec. 48.38. This, of course, is not the fact. If defense counsel had wished to raise the issue an appropriate record could have been made, outside the presence of the jury, and without prejudice to the defendant. Having chosen not to do so, any right to raise the issue in a postconviction motion and on appeal has been waived. What the state public defender chooses to regard as a futile gesture, was actually done by defense counsel in the *Davis Case.* There, defense counsel opposed the state's pretrial motion for a protective order, with the result that the defendant prevailed in the supreme court as against the clear mandate of the Alaska statutory provision.

Even assuming that a proper attempt had been made to cross-examine the witnesses and thereby call the issue to the trial court's attention, we would find the present

record inadequate to preserve the issue for appeal. No offer of proof, or any other factual basis appears in the trial court record upon which this court can make a determination of whether it would have been prejudicial or even error to prohibit the cross-examination. This court has held that even in cases where a proper objection is made, an offer of proof is a condition precedent to having this court review an allegedly erroneous ruling on evidence. *State v. Hoffman* (1973), 58 Wis. 2d 21, 205 N. W. 2d 386; *Findorff v. Findorff* (1958), 3 Wis. 2d 215, 88 N. W. 2d 327. The problem created by an inadequate record is particularly apparent in this case because of the limited factual applicability of *Davis v. Alaska, supra.*

We further observe that at the time of trial the defendant was also charged with another count of "indecent behavior with a child," sec. 944.11 (2), Stats. This count is alleged to have taken place on November 14, 1971, and involved a seventeen-year-old male youth. The same jury returned a not guilty verdict to this count. On the basis of the record before us, the juvenile witness involved in this incident could possibly be the one referred to in the affidavit of defendant's counsel.

*Hebel v. State* (1973), 60 Wis. 2d 325, 210 N. W. 2d 695, was before this court on writs of error to review the denial of defendant's postconviction motions. The defendant alleged in his sec. 974.06, Stats., motions that he was improperly limited in his recross-examination of the state's primary witness about the witness' prior conviction. This court held that though couched in constitutional terms, the error would not be reached by the sec. 974.06 motion because trial counsel made no objection to the limitation of his recross-examination and made no offer of proof.

The attack of the state public defender is not on error of the court at the time of trial, but is an attack on the present status of the Wisconsin law. We are of the

opinion that, based upon the record before us, the defendant has waived any right to so attack Wisconsin statutory or common law.

Therefore, in view of our disposition of this case, we do not consider whether *Davis v. Alaska, supra,* should be applied retroactively so as to include the instant case.

*By the Court.*—Order affirmed.

WILKIE, C. J. *(dissenting).* I would reverse and remand for an evidentiary hearing in the trial court on the defendant's postconviction motion under sec. 974.06, Stats., on the precise question of whether the allegations of the defendant as to the juvenile records of the witnesses against the defendant entitled the defendant to a new trial under the rule of *Davis v. Alaska,*[1] to permit cross-examination as to the bias of these witnesses. The constitutional claim of the defendant here is a matter which we should reach in our discretion since it is not a matter that the defendant can raise as of right here, but the error claimed has such important constitutional ramifications that I think we should decide whether the rule of *Davis v. Alaska* has application here.[2]

I think it is crystal clear that *Davis v. Alaska* does apply if the ruling is retroactive. The *Davis Case* has been discussed at length in the majority opinion. I disagree with the conclusion that the instant situation is not covered by that case. If a juvenile witness is undergoing a loss of liberty under supervision and there are established juvenile records which quite clearly go to the bias of such a witness, if he can be shown to be biased or prejudiced as against the defendant, then the defendant should be permitted the right to cross-examine that witness.

---

[1] (1974), 415 U. S. 308, 94 Sup. Ct. 1105, 39 L. Ed. 2d 347.

[2] *Peterson v. State* (1972), 54 Wis. 2d 370, 195 N. W. 2d 837; *State v. Morales* (1971), 51 Wis. 2d 650, 187 N. W. 2d 841.

I would hold that *Davis v. Alaska* is clearly retroactive and thus it would apply to the instant case although the trial was held before *Davis* was decided in 1974. The rules of retroactivity were thoroughly set forth in the United States Supreme Court case of *Linkletter v. Walker*.[3] The rules with respect to retroactivity were stated by this court in *Allison v. State*[4] as follows:

". . . The court must consider (1) the purpose of the rule, (2) the extent of reliance by law enforcement authorities on the old rule, and (3) the effect on the administration of justice of a retroactive application of the new standard."

It is clear that the purpose of the *Davis* rule is to permit a defendant the right to engage in cross-examination of the state's complaining witnesses in order to expose possible biases or motives for testifying falsely. This strikes at the very heart of the fact-finding process and the rule should be given retroactive effect.[5]

I would therefore reverse and remand to the trial court for the purpose of conducting an evidentiary hearing to determine whether any of the witnesses were, in April, 1972, on a form of "liberty under supervision." The fact that a witness had a juvenile record would not be sufficient.

I am authorized to state that Mr. Justice DAY joins in this dissent.

---

[3] (1965), 381 U. S. 618, 85 Sup. Ct. 1731, 14 L. Ed. 2d 601.

[4] (1974), 62 Wis. 2d 14, 27, 214 N. W. 2d 437.

[5] *Cf. Johnson v. New Jersey* (1966), 384 U. S. 719, 727, 728, 86 Sup. Ct. 1772, 16 L. Ed. 2d 882.