STATE, Respondent, v. GROH, Appellant.

*No. State 31.   Argued June 4, 1975.——Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 745.)

For the appellant there were briefs by *James M. Shellow, Stephen M. Glynn* and *Shellow & Shellow,* all of Milwaukee, and oral argument by *Mr. Glynn.*

For the respondent the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HANLEY, J. Three issues are presented upon this appeal:

1. Was there error as to compliance with the rule which recognizes the right of a defendant to inspect statements previously made to authorities by witnesses called to testify on behalf of the state?

2. Did the trial court unduly restrict the defense counsel's closing argument?

3. Did the trial court unduly restrict the defendant's cross-examination of Leslie Pedersen?

*Production of statements.*

The defendant's first contention is that his conviction should be reversed because his trial counsel was not allowed to inspect the daily memorandum books and written reports of Officers Leslie Pedersen and Donald Pedersen. Pretrial motions included a demand for the state to produce copies of any statements written or oral, of the arresting officers. This contention is based upon this court's decision in *State v. Richards* (1963), 21 Wis. 2d 622, 124 N. W. 2d 684, where it held at page 633 that:

"We conclude that a defendant in a criminal case is entitled to inspect statements previously made to the authorities by witnesses called to testify on behalf of the state. This right goes cnly to statements or portions thereof concerning the subject matter of the witness'

testimony and written or signed by the witness or given orally and stenographically or mechanically transcribed. As indicated in *State ex rel. Byrne v. Circuit Court, supra,* we see no policy reason to require that inspection be afforded to the defendant before the witness testifies. But after direct examination of the witness, upon request of the defendant out of the presence of the jury, the court should order the state to produce for inspection all such statements of the witness in any of the forms referred to."

Sec. 971.24, Stats., basically is a restatement of this rule. The statute, however, applies to actions commenced after July 1, 1970. Sec. 967.01. Because this action was commenced prior to that date, the statute does not apply.

The importance of this rule was recognized in *Myers v. State* (1973), 60 Wis. 2d 248, 263, 264, 208 N. W. 2d 311:

". . . [N]ot to allow the defendant at trial 'access to' and the 'right to use' prior inconsistent statements for 'impeachment purposes' is a violation of his constitutional right to due process of law. . . ."

In that case it was held to be reversible error to deny the defendant the right to use a witness' testimony from a John Doe hearing for impeachment purposes.

The first question which must be answered is whether the "memo books" and reports of these two officers are covered by the *Richards* rule. The state admits that the reports "appear to fall within the *Richards* rule," but argues that the "memo books" do not. We think the books and reports are within the category of producible statements under *Richards:* ". . . statements or portions thereof concerning the subject matter of the witness' testimony and written or signed by the witness . . . ." 21 Wis. 2d at page 633. The memo books and reports were written by the officers; the reports were signed by them. Both officers testified as to the

incident preceding defendant's arrest. The statements should have been produced.

However, in *Richards* (p. 634), this court indicated that a violation of the *Richards* rule would not be prejudicial unless the statements in question ". . . contained such inconsistencies with, or variations from [the witness'] testimony as would have been useful to counsel in impeaching [the witness'] testimony . . . ."

Ordinarily, we would reverse the judgment but permit the verdict to stand. Upon remand, the circuit court would cause production of the records in question, and determine at a hearing whether such inconsistencies or variations exist. However, in the instant case, the records in question are before this court and a comparison of those reports which contain the statements of the officers with the testimony of the officers reveal no material inconsistencies or variations which would warrant a reversal of the judgment herein.

*Limiting closing argument.*

The second issue raised is whether the trial court unduly restricted defense counsel's closing argument. During the course of the trial, the parties stipulated to the admission into evidence of the hospital records of the defendant from Milwaukee County Emergency Hospital and Milwaukee County General Hospital. Defense counsel wished to argue that the records show that the defendant was taken from the emergency hospital to County General by county ambulance and not by Officer Donald Pedersen. This argument was directed to the credibility of Donald Pedersen. Before his argument, defense counsel was told that he could not argue from the exhibits on that point.

Defense counsel's closing argument is not in the record. Therefore, the question of prejudice is difficult to determine.

The state argues that there is no foundation for the claim that the hospital records contradicted Donald Pedersen's testimony and, therefore, the defendant could not have been prejudiced by the trial court's refusal to allow him to argue from the hospital records.

The argument which defense counsel wished to make to the jury is not supported by the evidence. Officer Leslie Pedersen testified that he knew that the defendant was taken to Milwaukee County General Hospital, but he did not go along to the hospital. Donald Pedersen testified that he conveyed the defendant to County Emergency Hospital at about 10:15 p.m. When called on rebuttal, Donald Pedersen further testified that he could not have gone to a tavern after the incident because he was in personal contact with the defendant and had personal custody of him until 2:15 a.m. Donald Pedersen's partner, Officer Jack Ballering, testified that he took the defendant to the emergency hospital and was at County General Hospital with him, but did not recall how the defendant got there. The hospital records indicate that Donald Pedersen's and Jack Ballering's police vehicle was in fact at Milwaukee County General Hospital.

While Donald Pedersen did testify that he had personal custody and had personal contact with the defendant until he was released from the hospital at 2:15 a.m., he did not testify that he conveyed the defendant there in his vehicle.

Since the defendant's claim that the hospital records contradicted the testimony of Donald Pedersen is without foundation, his claim that he was prejudiced by the trial court's refusal to allow him to argue from the hospital records has no merit. The refusal to allow such argument is no basis for a reversal of the judgment in this case.

*Restriction of cross-examination.*

The defendant argues that he was denied a fair trial by the trial court's sustaining objections to certain questions asked by defense counsel during the cross-examination of Leslie Pedersen. During the cross-examination of this witness, the following occurred:

"*Q.* Now, officer, did you obtain the names of any of the patrons who witnessed this act inside the tavern?

"*A.* I personally did not obtain any names.

"*Q.* Do you know if any other officers attempted to obtain names from any patrons inside?

"*A.* I can't testify as to what other officers did.

"*Q.* Did you attempt to obtain the names of any witnesses outside the premises?

"[*District Attorney*]: Objection, I don't see the materiality of this line of questioning.

"*The Court:* Sustained.

"[*Defense Counsel*]:

"*Q.* Do you know, officer, of any witnesses to this act other than police officers?

"[*District Attorney*]: Objection, immaterial.

"*The Court:* Sustained."

The defendant contends that the court's rulings on these two objections unduly restricted his cross-examination of this witness. He further argues that the court's rulings prevented him from gaining access to witnesses.

No offer of proof was made with regard to any testimony thus excluded, however. In *State v. Hoffman* (1973), 58 Wis. 2d 21, 24, 205 N. W. 2d 386, this court said:

"*Cross-examination.* Error is alleged in the trial court's restricting cross-examination of certain state witnesses. Four instances are set forth where the prosecutor objected to a question asked and the trial court sustained the objection. In each instance the defense counsel made no response to the objection, and no offer of proof was made in regard to any testimony thus excluded. An offer of proof is a condition precedent to having this court review an allegedly erroneous ruling on evidence,

and here none was made. (*See: Deja v. State* (1969), 43 Wis. 2d 488, 492, 168 N. W. 2d 856; *State v. Moffett* (1970), 46 Wis. 2d 164, 168, 174 N. W. 2d 263; *State v. Becker* (1971), 51 Wis. 2d 659, 668, 188 N. W. 2d 449.)"

Where counsel fails to state the purpose of a question to which objection is sustained on grounds of immateriality, it is within the discretion of the trial court to exclude the evidence. *State v. Moffett, supra.*

Because no offer of proof was made and no explanation was given as to why defense counsel thought these questions were material, it lay within the discretion of the trial court to sustain the objection and claim of error by the trial court is without merit.

*By the Court.*—Judgment affirmed.