James P. **WICKSTROM**,
Petitioner-Appellant,

v.

Walter **SCHARDT**, Respondent-Appellee.

No. 85–3224.

United States Court of Appeals,
Seventh Circuit.

Submitted July 8, 1986.

Decided Aug. 19, 1986.

James M. Jannetta, Getzin & Jannetta, Wausau, Wis., for petitioner-appellant.

J. Douglas Haag, Asst. Atty. Gen., Wis. Dept. of Justice, Madison, Wis., for respondent-appellee.

Before CUDAHY, COFFEY, and EASTERBROOK, Circuit Judges.

PER CURIAM.

No man is an island, John Donne wrote. Likewise, no man is a municipality. James Wickstrom discovered this in a most unpleasant manner. He was sentenced to two consecutive nine-month sentences for violations of Wis.Stat. § 946.69(1) which prohibits "assuming to act as [a] public officer".[1]

This story begins in January 1982. After being overwhelmingly defeated in an election for chairman of the town of Fairbanks, Wisconsin, Wickstrom decided to secede from Fairbanks and form his own municipality.[2] He had a local newspaper

---

1. "Whoever does any of the following is guilty of a Class A misdemeanor:

    (1) Assumes to act in an official capacity or to perform an official function, knowing that he is not the public officer ... he assumes to be."

Wis.Stat. § 946.69(1).

2. The history of secession in this country should have suggested to Wickstrom that his efforts would be futile. *Cf.* the attempt by George Wellington Streeter to establish his own political entity within the city limits of Chicago at the

print a "public notice" of the creation of the "Constitutional Township of Tigerton Dells" announcing a "meeting" to elect officers of the township. The notice described Wickstrom as "acting clerk". At the meeting, Wickstrom was "elected" clerk and municipal judge.

During the next seven months, Wickstrom took a number of actions indicating that he assumed to act as a public officer. Among other things, he took applications for and issued a liquor license and a cigarette license. He attempted to file with legitimate local and state offices various documents indicating he was a judge or town clerk. He used the title "town clerk" in his correspondence and in his "official capacity" threatened to sue the Shawano county clerk if she did not cooperate with his demand for official printed ballots.

Wickstrom and a cohort, Donald Minniecheske (the Tigerton Dells "Chairman" and "Assessor"), were charged with violations of Wis.Stat. § 946.69(1). At the request of the district attorney, the trial court appointed three assistant attorneys general to act as special prosecutors. The court severed Minniecheske's trial from Wickstrom's.

Wickstrom was first represented by an assistant state public defender, who initially determined that Wickstrom was indigent. The public defender later smelled a rat and asked the court to review his determination. The court found that Wickstrom could afford counsel, and Wickstrom proved the point by obtaining private representation.

Wickstrom's strategy during pretrial proceedings was unorthodox. He announced to the court that he planned to set up similar townships in other states. He had the judge served with a "subpoena" for a "Citizens Grand Jury". Wickstrom signed the document as "Judge".

A jury found Wickstrom guilty. He received the maximum nine-month sentence on each count, to be served consecutively.

His conviction was affirmed. *State v. Wickstrom*, 118 Wis.2d 339, 348 N.W.2d 183 (Wis.App.1984). The Supreme Court of Wisconsin denied review on May 2, 1984. Four days before the end of his sentence Wickstrom, acting *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition listed seven errors that Wickstrom claimed required his release. Wickstrom was later represented in this action by the same lawyer he had retained in the state court. The district court issued a short order dismissing the petition for failure to exhaust state remedies, without specifying which claims were unexhausted. Any unexhausted claim requires the dismissal of the petition. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Barrera v. Young*, 794 F.2d 1264, 1268 (7th Cir.1986).

■ Wickstrom asks us to reverse the district court's finding that the claims are not exhausted. Alternatively, he asks us to remand to permit him to amend his petition to dismiss all unexhausted claims. A remand would be improper. Wickstrom never requested leave to amend from the district court. An appellate court may not reverse or remand to consider a claim never made in the district court. Wickstrom's desire to amend comes too late. (If the district court had reached the merits and the exhaustion problem had been discovered on appeal, a remand might serve interests of judicial economy by bringing the case to a prompt conclusion. Here, however, a remand would be the beginning rather than the ending.)

It is too late to save this litigation in any way other than a remand, because Wickstrom is out of jail. Ordinarily a petition dismissed under *Rose v. Lundy* could be replaced by one containing only exhausted claims. But 28 U.S.C. § 2254(a) requires the petitioner to be in custody at the time he files his petition. This requirement is jurisdictional. See also 28 U.S.C. § 2254(c);

end of the 19th century. See Harold Maye & Richard Wade, *Chicago, Growth of a Metropolis,*

305–07 (1969).

*Carafas v. LaVellee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968) (petitioner must be in custody when petition is filed, but need not be when petition is acted upon). Wickstrom cannot meet that requirement if he files a new petition, and even if we allowed him to amend his existing petition, the petition would stand in danger of dismissal. *Carafas* holds that a petition for habeas corpus is moot if the petitioner is released before the court acts, unless there are sufficient "collateral effects". In *Carafas*, the felony conviction at issue resulted in disfranchisement, disqualification for certain jobs and businesses, and many other serious legal consequences. *Lane v. Williams*, 455 U.S. 624, 632–33, 102 S.Ct. 1322, 1327–28, 71 L.Ed.2d 508 (1982), emphasized that unless a conviction entails such legal consequences, a petition becomes moot after the petitioner's release. Wickstrom does not allege that his misdemeanor convictions produce similar effects. See *Broughton v. North Carolina*, 717 F.2d 147 (4th Cir.1983) (misdemeanor violation creates no lingering consequences making released petitioner's habeas petition moot). Wickstrom's reputation may have been injured, but that was held irrelevant in *Lane*. So it is doubtful that Wickstrom could pursue this litigation even if we remanded for refiling. But rather than require further proceedings to investigate the continuing consequences, if any, of these misdemeanor convictions, we affirm because there is at least one unexhausted claim. This means the petition must be dismissed, not to be refiled unless Wickstrom should be returned to custody under this conviction.

Wisconsin permits review on appeal of all issues preserved at trial but deems waived all other issues. *Neely v. State*, 97 Wis.2d 38, 292 N.W.2d 859, 869 (1980); *Macklin v. State*, 92 Wis.2d 323, 284 N.W.2d 661 (1979); *Barrera v. Young, supra* at 1268. Objections must be made with sufficient particularity or the issue will be deemed waived. *Roach v. Keane*, 73 Wis.2d 524, 243 N.W.2d 508, 515 (1974). Wisconsin provides for collateral review of judgments. Wis.Stat. § 974.06. A prisoner may obtain collateral review only of issues preserved at trial but not raised on direct appeal. Wis.Stat. § 974.06(4); *Bellinder v. State*, 69 Wis.2d 499, 230 N.W.2d 770 (1975) (waived if not objected at trial); *State v. Rohl*, 104 Wis.2d 77, 310 N.W.2d 631 (1981) (cannot raise issues argued on direct appeal). Thus all claims waived by failing to preserve them in state court are exhausted, see *Engel v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982), although relief on those grounds is unavailable unless the prisoner shows "cause and prejudice." *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). (Wisconsin permits belated review of certain grave constitutional issues even though not raised at trial, *State v. Cleveland*, 118 Wis.2d 615, 348 N.W.2d 512, 521 (1984), but this is a form of discretionary review. A prisoner need not apply for such dispensations to be deemed to have exhausted state remedies. *Barrera, supra* at 1268.) The only state remedies that Wickstrom must exhaust, then, concern issues preserved at trial but not raised on direct appeal.

■ The State concedes that two of the seven grounds for habeas relief have been exhausted. The parties contest the other five. We need address only Wickstrom's fourth ground. The fourth ground of relief is that the trial judge made prejudicial comments and that pretrial publicity prevented a fair trial, both in violation of the sixth and fourteenth amendments. Wickstrom's counsel argues that this is the same as the first ground, one on which exhaustion is conceded. That is nonsense. The first involves the appointment of the public defender, which Wickstrom contends somehow spoiled his entire defense. This claim, mysterious though it is, does not deal with publicity or bias affecting judge or jury—the basis of the fourth ground for relief. Claims concerning pretrial publicity and the judge's comments were argued to the trial judge in post-trial proceedings but not appealed. The state courts are open to collateral proceedings concerning these matters. Wickstrom's petition must be dis-

missed under *Rose*, and because he is not now in custody he may not file another.

AFFIRMED