Clyde R. **FOSTER**, Plaintiff,

v.

Gary **McCAUGHTRY**, Defendant.

Civ. A. No. 91-C-628.

In the United States District Court, E.D. Wisconsin.

May 22, 1992.

---

Clyde R. Foster, pro se.

Sharon Ruhly, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

Presently before this court is pro se petitioner Clyde R. Foster's ("Foster") June 14, 1991 petition for writ of habeas corpus, filed pursuant to Title 28 United States Code § 2254. Because Foster has failed to exhaust available state court remedies with respect to two of his claims, this court must dismiss his petition without prejudice.

## BACKGROUND

Foster is currently incarcerated at the Racine Correctional Institution in Racine, Wisconsin. On December 28, 1988, he was arrested and subsequently charged with armed robbery as a party to the crime, enhanced by concealment of identity, in violation of sections 939.05, 943.32(2), and 939.641(2) of the Wisconsin Statutes. The charges were based upon his alleged role as a getaway car driver in an October 31, 1988 armed robbery of an IGA grocery store in Sparta, Wisconsin.

Following a two-day trial in the La Crosse County Circuit Court, a jury found Foster guilty of the offense charged. *State v. Foster*, No. 88–CF–1166. On November 29, 1989, the LaCrosse County Circuit Court entered judgment of conviction sentencing Foster for an indeterminate term of imprisonment not to exceed fourteen years.

During the trial, Foster objected to his court-appointed trial counsel's cross-examination strategy, causing Foster to conduct portions of the cross-examinations himself and, ultimately, to fire his attorney during the trial (Oct. 26, 1989 Trial Tr. at 125; Oct. 27, 1989 Trial Tr. at 103).

Foster, then represented by counsel, appealed the judgment of conviction to the Wisconsin Court of Appeals, raising the following issues for review: (1) whether the trial court had erred in admitting into evidence the statement of Foster's deceased accomplice, (2) whether the trial court erred by allowing a prosecution witness to testify after the prosecution had failed to disclose the witness's identity prior to trial, and (3) whether the trial court abused its discretion by sentencing him to an indeterminate prison term of fourteen years. Foster also filed a pro se appellate brief in which he attempted to raise two additional arguments: (4) that he was denied effective assistance of counsel, and (5) that he was incompetent to stand trial. On January 8, 1991, the Wisconsin Court of Appeals affirmed the judgment of conviction. 160 Wis.2d 482, 466 N.W.2d 910. The Wisconsin Court of Appeals: concluded that the trial court erred in admitting the accomplice's statement and the undisclosed witness's testimony, but that the errors were harmless; declined to address Foster's request for correction or modification of sentence or his ineffective-assistance-of-counsel argument because Foster had not yet filed post-trial motions regarding these issues with the trial court; and held that Foster had waived the competency-to-stand-trial issue by failing to raise it at trial. *State v. Foster*, 160 Wis.2d 482, 466 N.W.2d 910 (Ct.App.1991).

Foster then appealed to the Wisconsin Supreme Court, but raised only the issue of whether the trial court erred in admitting into evidence the statement of Foster's deceased accomplice. On March 9, 1991, the Wisconsin Supreme Court denied review of the issue.

On June 14, 1991, Foster filed the instant petition pursuant to 28 U.S.C. § 2254 and motions to proceed in forma pauperis and for appointment of counsel. In the § 2254 petition Foster claims that his state court conviction violated his federal constitutional rights because: (1) the trial court admitted testimony of his deceased alleged accomplice in violation of the confrontation clause to the Sixth Amendment, (2) the trial court erred by allowing a prosecution witness to testify after the prosecution had failed to disclose the witness's identity prior to trial, (3) the trial court abused its discretion in sentencing him to a fourteen-year sentence, (4) he received ineffective assistance of counsel at trial, (5) he was incompetent to stand trial, (6) he has secured new exculpatory testimony from a fellow prisoner.

On June 27, 1991, this court granted Foster's petition to proceed in forma pauperis, but denied the motion for appointment of counsel.

On July 17, 1991, respondent Gary McCaughtry answered, urging that the petition be dismissed for Foster's failure to exhaust several of the claims.

On July 15, 1991, Foster filed a second motion for appointment of counsel. On July 24, 1991, Foster moved for summary judgment on the first ground of his petition.

## ANALYSIS

■■■■ A person in custody pursuant to a state court judgment of conviction must exhaust all remedies available in state courts on each claim raised in his federal habeas petition. 28 U.S.C. § 2254(b), (c). Accordingly, a federal district court must dismiss without prejudice a "mixed" habeas petition containing both exhausted and at least one unexhausted claim. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Carbajol v. Fairman*, 700 F.2d 397, 399 (7th Cir.1983)

(dismissal is without prejudice). A claim is deemed unexhausted when the petitioner can still seek review of the claim in a direct appeal of his conviction or in an action for collateral review in state court. 28 U.S.C. § 2254(c); *Wickstrom v. Schardt*, 798 F.2d 268, 270 (7th Cir.1986); *Nutall v. Greer*, 764 F.2d 462, 463 (7th Cir.1985). Raising an issue before the state's highest court is not the sole means of exhausting a claim. A claim that has been raised only before a state's lower-level appellate court is deemed exhausted, for example, where the petitioner is time-barred from further seeking further review of the claim in the state's highest court. *Id.*[1] A claim raised in a petitioner's direct appeal is also considered exhausted, even if the petitioner has not sought collateral review of the claim in state court. *Brown v. Allen*, 344 U.S. 443, 447–48, 73 S.Ct. 397, 402–03, 97 L.Ed. 469 (1953), *overruled on other grounds, Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Consistent with these principles, Wisconsin postconviction procedure bars collateral reconsideration of any issues already considered on direct appeal or not preserved by proper objection at trial. Wis.Stat. § 976.04; *State v. Rohl*, 104 Wis.2d 77, 96, 310 N.W.2d 631 (Ct.App.1981) (issues already considered on appeal); *Bellinder v. State*, 69 Wis.2d 499, 505, 230 N.W.2d 770 (1975) (issues not preserved at trial).

■■■ Under these standards, Foster has not exhausted at least two of the claims raised in his § 2254 petition. Foster has failed to exhaust both his challenge to the length of his sentence and his claim of inadequate trial counsel. Although he raised both issues before the Wisconsin Court of Appeals, that court declined to consider either issue on the ground that Foster first had to raise the issues before the state trial court. *State v. Foster*, No. 90–1036–CR, slip op. at 11 n. 2 [466 N.W.2d 910 (table) ]. Foster can still challenge his sentence before the trial court pursuant to

---

1. However, a convicted state prisoner who fails to raise before the highest state court the constitutional claims contained in his federal habeas petition *waives* those claims unless he can show cause for his default and prejudice from the

alleged constitutional infirmities in the state court convictions. *Nutall*, 764 F.2d at 465. As this discussion makes clear, the waiver issue is distinct from the issue of whether the prisoner has exhausted his state court remedies.

Wis.Stat. 974.06, which is the exclusive means for raising this issue. *See Spannuth v. State,* 70 Wis.2d 362, 365, 234 N.W.2d 79 (1975). If the trial court then rules against Foster on this issue, he may then challenge the sentence on appeal. *Id.; State v. Lynch,* 105 Wis.2d 164, 167, 312 N.W.2d 871 (Ct.App.1981). Foster can also still obtain collateral review of his claim of inadequate trial counsel by filing a post-conviction motion with the trial court pursuant to Wis.Stat. § 974.06, which is also the exclusive means for raising this type of claim. *State v. Mosley,* 102 Wis.2d 636, 657, 307 N.W.2d 200 (1981). Foster appears to have preserved this issue at trial by objecting on the record to his attorney's refusal to ask certain cross-examination questions (Oct. 26, 1989 Trial Tr. at 125; Oct. 27, 1989 Trial Tr. at 103). Foster appears to have exhausted, however, the issues of whether the trial court erred (1) in admitting his deceased alleged accomplice's statement, (2) in allowing testimony from a previously undisclosed witness,[2] and (3) in finding him competent to stand trial, because the Wisconsin Court of Appeals actually considered these issues on Foster's direct appeal.[3]

Because Foster may still obtain collateral review pursuant to Wis.Stat. § 974.06 of at least two issues raised in the instant § 2254 petition, this court must dismiss the petition without prejudice. *Rose,* 455 U.S. at 522, 102 S.Ct. at 1205; *Wickstrom,* 798 F.2d at 270–71.

IT IS THEREFORE ORDERED that petitioner Clyde R. Foster's June 14, 1991 petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

IT IS FURTHER ORDERED that petitioner Clyde R. Foster's July 15, 1991 second motion for appointment of counsel is DENIED as moot.

IT IS FURTHER ORDERED that petitioner Clyde R. Foster's July 24, 1991 mo-

tion for summary judgment is DENIED as moot.

---

**2.** This court does not reach whether Foster waived this issue by failing to raise it before the Wisconsin Supreme Court.

**3.** This court also does not reach whether Foster waived this issue by failing to preserve it at trial.