**Wayne R. ANDERSON, Petitioner,**

v.

**Hon. Charles R. WORDEN, et al., Respondents.**

**No. 90–3154–S.**

United States District Court, D. Kansas.

Aug. 21, 1990.

## ORDER

SAFFELS, District Judge.

This matter is before the court for resolution of petitioner's application for writ of habeas corpus. The court issued a show cause order and respondents have filed an answer.

On October 27, 1988, the state district court in Sherman County, Kansas, found petitioner in contempt of court for failing to pay child support. Petitioner was held in Sherman County Jail, Goodland, Kansas, until November 24, 1988. To purge the contempt and gain his release, petitioner signed an agreement promising to pay the ordered child support and to seek employment. During his confinement he filed a petition in this court for a writ of habeas corpus (case no. 88–3430). The court dismissed that action without prejudice because petitioner had failed to exhaust his state remedies. Petitioner did not appeal from that dismissal.

After exhausting his state remedies, petitioner filed a motion to reinstate and to amend his petition for writ of habeas corpus. The court denied petitioner's motion to reinstate and directed petitioner to file a new habeas corpus action. Petitioner did not appeal this decision.

On May 21, 1990, petitioner filed the present petition for writ of habeas corpus, seeking relief from his wrongful incarceration for contempt. Respondents contend this court is without jurisdiction to hear petitioner's request for relief because petitioner is no longer in custody as required by 28 U.S.C. § 2254. After reviewing the record, the court agrees.

28 U.S.C. § 2254 requires that a petitioner be "in custody" when filing an application for habeas corpus relief. See *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). This requirement is jurisdictional. The statute also requires that a petitioner exhaust all state remedies before seeking federal review. 28 U.S.C. § 2254(b). Absent special circumstances making dismissal inappropriate, any unexhausted claim requires dismis-

Wayne R. Anderson, Goodland, Kan., pro se.

Carl A. Gallagher, Asst. Atty. Gen., Topeka, Kan., for respondents.

sal of the petition. See *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Nelson v. George,* 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970). Following such a dismissal, the petitioner begins anew in seeking federal relief. *Leonard v. Hammond,* 804 F.2d 838, 843 (4th Cir. 1986).

Thus, in the present case, petitioner begins anew with a writ of habeas corpus. This is not an action which has been "refiled" under the present case number. Instead, it is a new application which was filed well after petitioner was released from custody. As in *Sevier v. Turner,* 742 F.2d 262 (6th Cir.1984), at the time petitioner filed his (second) petition for writ of habeas corpus, he was only subject to a civil judgment which required him to pay child support. This does not satisfy the jurisdictional requirement that petitioner be "in custody" and this court is without jurisdiction to grant habeas corpus relief. *Id.,* 742 F.2d at 269.

 Even if the dismissal of the first habeas writ and petitioner's reapplication with a second habeas petition did not defeat jurisdiction in the present case, petitioner's release from custody made his request for relief moot. Generally, a habeas petition can survive petitioner's release from custody because serious legal consequences flow from the challenged conviction. See *Carafas v. LaVallee,* 391 U.S. at 238, 88 S.Ct. at 1559. Absent such legal consequences, a petition becomes moot once the petitioner is released. *Lane v. Williams,* 455 U.S. 624, 632–33, 102 S.Ct. 1322, 1327–28, 71 L.Ed.2d 508 (1982). In the present case, once the contempt was purged and petitioner was released, his civil contempt citation imposed no collateral legal consequences on which to maintain a claim for habeas relief. *Broughton v. State of N.C.,* 717 F.2d 147 (4th Cir.1983), *cert. denied* 466 U.S. 940, 104 S.Ct. 1917, 80 L.Ed.2d 464 (1984). Petitioner's continuing obligation to pay child support does not impose disabilities or burdens similar to those resulting from a conviction, and does not require intervention by this court by way of habeas corpus relief. *Thomas v.*

*Tansey,* 359 F.Supp. 441 (D.Md.1972). See generally *Wickstrom v. Schardt,* 798 F.2d 268 (7th Cir.1986).

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is granted. The clerk of the court is directed to transmit a copy of this memorandum and order to plaintiff and to the office of the Attorney General for the State of Kansas.