963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Milton MANN, Petitioner-Appellant,
v.
Gale A. NORTON, Colorado State Attorney General; Colorado
Court of Appeals; Aurel M. Kelley; Charles D. Pierce;
Donald P. Smith; Alan L. Sternberg; Dale P. Tursi; Karen
S. Metzger; John A. Criswell; Leonard P. Plank; Claus J.
Hume; Raymond Dean Jones; Peter H. Ney; Harold D. Reed;
Jose D.L. Marquez; Janice B. Davidson; Edwin G. Ruland;
Frank N. Dubofsky; Christopher J. Munch, Respondents-Appellees.
 No. 91-1060.
 United States Court of Appeals, Tenth Circuit.
 May 13, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner John Milton Mann appeals from the district court's denial of his self-described petition for writ of habeas corpus. In actuality, the district court's order addressed two different actions, one of which involved a civil rights complaint filed initially under 42 U.S.C. § 1983 (No. 90-F-972). The second action sought habeas relief pursuant to 28 U.S.C. § 2254 (No. 91-F-45). The actions were consolidated after Mr. Mann filed an amended pleading in the civil rights action replacing the complaint with a petition for habeas relief. The causes of action in the two pleadings, and the relief sought, are the same. After reviewing the briefs and appellate record, we affirm.
 
 
 3
 These actions stem from Mr. Mann's 1986 state court conviction for contempt of court. In October 1986, Mr. Mann was sentenced to a term of six months in county jail for the contempt, with all but one month suspended. He began serving the one-month term on or about October 10, 1986. On October 27, while he was still in custody, Mr. Mann submitted a petition for habeas corpus relief to the federal district court in Colorado.[1] With the petition, he submitted a motion to proceed in forma pauperis. The petition was designated as case No. 86-X-353 but was not filed pending disposition of the request to proceed without prepayment of fees.
 
 
 4
 Mr. Mann was released from custody in November 1986. In December, the federal court denied him in forma pauperis status in No. 86-X-353 and informed him that the petition would not be filed unless he paid a $5.00 filing fee. He did not do so. As a consequence, the action was not filed. Four years later, on December 10, 1990, Mr. Mann tendered five dollars to the district court clerk, claiming it was the filing fee for case No. 86-X-353. He also submitted a document entitled "First Amended Petition." The court identified the filing as a new case, No. 91-F-45.
 
 
 5
 The civil rights action was originally filed on June 1, 1990. It sought an order from the district court requiring the Colorado Court of Appeals to allow Mr. Mann to appeal his contempt conviction with court-appointed counsel. Although Mr. Mann was appointed counsel while appealing the contempt in state court, his attorney was allowed to withdraw. On a limited remand, the state trial court determined Mr. Mann's inability to retain counsel was his own doing. Eventually, Mr. Mann exhausted all state remedies, apparently without counsel. On December 10, 1990, Mr. Mann filed a "First Amended Complaint" in federal case No. 90-F-972 which converted the civil rights action to a habeas petition. The petition mirrored the one filed in No. 91-F-45. Admitting that the two petitions contained the same cause of action, Mr. Mann filed a motion to consolidate No. 90-F-972 with No. 91-F-45. Thus, at the time the district court considered these matters, it had before it two cases styled as habeas corpus actions.
 
 
 6
 In order to come within the umbrella of the habeas corpus statutes, an applicant must be "in custody" at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This is a statutory requirement of 28 U.S.C. § 2254.[2] Habeas actions cannot be filed after the expiration of the sentence under attack. Maleng, 490 U.S. at 492. Mr. Mann argues that even though the habeas petition in No. 91-F-45 was submitted in December of 1990, its filing date for purposes of evaluating the custody requirement should be October 26, 1986, the date the district court received the original pleading in No. 86-X-353. He maintains that the filing fee revived the original submission. In support, he relies on local district court Rule 400A.
 
 
 7
 That rule states, in pertinent part,
 
 
 8
 When pleadings are received for filing and the required filing fee is not included with the pleadings, the clerk shall note "received" thereon and notify counsel or the parties that the pleadings are being held and will not be filed until the required filing fee is received or order allowing the party to proceed in forma pauperis is obtained. When the filing fee or order is received, the clerk shall file the pleadings nunc pro tunc as of the date received.
 
 
 9
 Colo.Dist.Ct.R. 400A. Mr. Mann argues that even though his sentence had fully expired at the time he paid the fee, he satisfied the custody requirement because, pursuant to the rule, the filing date must be the date the documents were received. On that date in 1986 he was in custody. We disagree.
 
 
 10
 Local Rule 400A does not provide habeas petitioners an indefinite period in which to pay a filing fee. The interpretation which Mr. Mann suggests would result in a tortured construction of the rule's language, and would disrupt the ability of the clerk's office to maintain the court docket with any efficiency. Mr. Mann's motion to proceed in forma pauperis was denied and he chose, for whatever reason, not to pay the fee.[3]
 
 
 11
 The local court rule was not designed to give Mr. Mann substantive rights which he would not otherwise possess. We agree with the district court that the petition which Mr. Mann submitted in 1990 constituted a new filing. He was not in custody at the time it was filed. Thus, the dismissal was appropriate. See Weaver, 925 F.2d at 1098-99 (petitioner failed to satisfy custody requirement where, although pleadings were received by clerk while he was incarcerated, they were not filed until after release); Anderson v. Worden, 744 F.Supp. 1042, 1043-44 (D.Kan.1990) (petitioner was not "in custody" for purposes of habeas review where, although first petition was filed while incarcerated, it was dismissed for failure to exhaust and second petition was filed after expiration of sentence). Because the petition in No. 90-F-45 was likewise filed after the expiration of Mr. Mann's sentence, it is subject to dismissal for the same reason.
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 It is clear from the record that Mr. Mann had not exhausted his state remedies prior to the time he attempted to submit the first petition for filing
 
 
 [2]
 It is important to distinguish this requirement from issues concerning whether a habeas action is moot. See D.S.A. v. Circuit Court Branch 1, 942 F.2d 1143, 1145 n. 2 (7th Cir.1991), cert. denied, 112 S.Ct. 1196 (1992). The custody requirement is statutory, and constitutes a jurisdictional threshold to filing a habeas action. See id.; Maleng v. Cook, 490 U.S. 488, 490 (1989)
 
 
 [3]
 As the Eighth Circuit has noted, "the opportunity to proceed in forma pauperis is a privilege, not a right." Weaver v. Pung, 925 F.2d 1097, 1099 n. 4 (8th Cir.), cert. denied, 112 S.Ct. 99 (1991)