**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARLIE RAY WESTON ,

        Petitioner-Appellant,

v.

MICHAEL C. WOODWARD; RICKI
M. RIPLIN; ALLEN KLINE, Judge;
TULSA COUNTY DISTRICT
COURT; and STANLEY GLANZ,
Tulsa County Sheriff,

        Defendants-Appellees.

No. 01-5104

(N. D. Oklahoma)

(D.C. No. 99-CV-557-H)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE**  and **MURPHY** , Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal.     See Fed. R. App. P. 34(a)(2).  The case is therefore

ordered submitted without oral argument.

---

   * This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Carlie Ray Weston filed this pro se habeas corpus action challenging his incarceration for contempt of court. For the reasons set forth below, we conclude that, because he is no longer in custody and has failed to demonstrate that he has suffered specific collateral consequences from the finding of contempt, he is not entitled to habeas relief.

The record indicates that Mr. Weston was incarcerated in the Tulsa County Jail for willfully violating a divorce decree by failing to provide child support. He sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that, in the state court contempt proceedings, he had been denied the right to due process and to effective assistance of counsel. The district court rejected both claims.

Mr. Weston has filed an application to proceed in forma pauperis and an application for a certificate of appealability. In order to receive a certificate of appealability, Mr. Weston must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that the issues that he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In dismissing the due process claim, the district court relied on the Oklahoma Court of Appeals' adjudication of Mr. Weston's direct appeal of the contempt citation. The district court concluded: "The Oklahoma appellate court

2

made a finding of fact that the trial court accepted Petitioner's [plea of nolo contendre] and entered a judgment based upon evidence before it. The appellate court did not find a due process violation. Petitioner has failed to . . . rebut the finding . . . ." Rec. doc. 20, at 6 (district court order filed June 12, 2001 (citing Oklahoma Court of Appeals decision)).

As to the claim of ineffective assistance of counsel, the district court applied Strickland v. Washington, 466 U.S. 668 (1984). It concluded that Mr. Weston had failed to establish that the allegedly deficient performance of his attorney affected the outcome of the trial.

On October 3, 1999, prior to the district court's decision denying Mr. Weston's petition on the merits, Mr. Weston was released from incarceration. See Rec. doc. 8, Attach.3 (Defendant Glanz's Br. in Support of Mtn to Dismiss, or, in the Alternative, for Summary Judgment, filed Oct. 27, 1999). Sheriff Glanz argued that Mr. Weston's release rendered Mr. Weston's habeas claims moot. The district court did not address the mootness issue and instead rejected Mr. Weston's petition on the merits. Although we discern no error in the district court's decision on the merits, we agree with the defendants that Mr. Weston's petition is moot.

Section 2254 requires that the petitioner be "in custody" under the challenged conviction or sentence at the time his petition is filed. Maleng v.

3

Cook, 490 U.S. 488, 490-91 (1989) (citation omitted). If a prisoner is released from custody while the petition is pending, the court's jurisdiction depends upon the existence of "collateral consequences [of the challenged conviction] adequate to meet Article III's injury-in-fact requirement." Spencer v. Kemna, 523 U.S. 1, 14 (1998); see, e.g., Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968) (holding that the defendant's inability to engage in certain businesses, serve in particular offices, vote, and serve as a juror due to his conviction defeated the mootness challenge to his appeal).

Here, Mr. Weston has failed to identify specific collateral consequences associated with the Oklahoma court's finding him in contempt for failure to provide child support. See Rec. vol. I, doc. 10 (Reply Br., filed Nov. 8, 1999). Moreover, in analogous circumstances, courts have concluded that a federal district court lacks habeas jurisdiction over a defendant released from custody after serving a sentence for civil contempt for failure to pay child support. See Puchner v. Kruziki, 111 F.3d 541, 543-44 (7th Cir. 1997) (concluding that "[n]othing in [the applicable state law] suggests that an earlier finding of civil contempt could be used to enhance a sentence in a felony proceeding for nonsupport, and a civil or remedial contempt order would, as always, be dischargeable upon full compliance with the court's order," vacating the decision below, and remanding with instructions to dismiss as moot); Anderson v. Worden,

744 F. Supp. 1042, 1044 (D. Kan. 1990) (concluding that "once the contempt was purged and petitioner was released, his civil contempt citation imposed no collateral legal consequences on which to maintain a claim for habeas relief" and that "[p]etitioner's continuing obligation to pay child support does not impose disabilities or burdens similar to those resulting from a conviction, and does not require intervention of this court by way of habeas corpus relief"). Absent a showing by Mr. Weston of specific collateral consequences resulting from the Oklahoma court's finding him in contempt, we conclude that the reasoning of these decisions is applicable here.

According, we GRANT Mr. Weston's motion to proceed in forma pauperis, GRANT his motion for a certificate of appealability, VACATE the district court's decision, and REMAND the case to the district court with instructions to DISMISS Mr. Weston's petition as moot.

Entered for the Court,


Robert H. Henry
Circuit Judge

5